[Cite as *State v. Rye*, 2011-Ohio-4224.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 25572 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT E. RYE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 02 0498(A) |

DECISION AND JOURNAL ENTRY

Dated: August 24, 2011

MOORE, Judge.

{¶1} Appellant, Scott E. Rye, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On March 3, 2010, the Summit County Grand Jury indicted Scott E. Rye on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the first degree, one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the second degree, two counts of endangering children in violation of R.C. 2919.22(B)(6), felonies of the third degree, one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1), a felony of the fifth degree, one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C), a misdemeanor of the fourth degree, one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree, and one count of permitting drug abuse in violation of R.C.

2925.13(B), a misdemeanor of the first degree. On March 10, 2010, Rye entered a plea of not guilty.

{¶3} On July 7, 2010, Rye retracted his not guilty plea and entered a negotiated plea of guilty to one count of illegal manufacture of drugs, aggravated possession of drugs, and possessing criminal tools, and both counts of endangering children. The remaining counts were dismissed. Rye was sentenced to a total of six years of incarceration, to be served concurrently with two other pending cases. The trial court informed Rye that if he failed to report as directed, a more severe sentence would be imposed. The trial court ordered that a restitution hearing was to occur on July 12, 2010, after which Rye was to commence serving the prison sentence.

{¶4} Rye failed to appear on July 12, 2010, and was subsequently arrested on an outstanding warrant by the fugitive task force. On August 3, 2010, the trial court vacated the previous sentence and resentenced Rye to an increased period of incarceration of ten years.

{¶5} Rye timely filed a notice of appeal, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT VIOLATED [RYE'S] FIFTH AMENDMENT RIGHTS BY SUBJECTING [HIM] TO DOUBLE JEOPARDY WHEN [IT] RESENTENCED [HIM] BECAUSE THE TRIAL COURT LACKED AUTHORITY TO RECONSIDER ITS OWN FINAL JUDGMENTS IN CRIMINAL CASES."

{¶6} In his sole assignment of error, Rye contends that the trial court violated his rights under the Fifth Amendment Double Jeopardy Clause when it resentenced him. We do not agree.

{¶7} Double jeopardy restrictions prevent a trial court from modifying a sentence to impose a more severe punishment after execution of that sentence has commenced. *State v. Plant*, 9th Dist. No. 24118, 2008-Ohio-4424, at ¶5; *City of Columbus v. Messer* (1982), 7 Ohio

App.3d 266, 268. This Court has previously held that commencement of a sentence begins "when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." (Citations omitted.) *Plant* at ¶5. Prior to commencement of the sentence, the trial court has authority to vacate its previous sentence and impose a more severe punishment. *Messer*, 7 Ohio App.3d at 268. However, "that action cannot be taken for vindictive or improper reasons." Id. citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 725. The trial court may vacate the original sentence before execution begins, and impose a more severe sentence "where circumstances justify that action." *State v. Best* (Nov. 24, 1993), 5th Dist. No. 93AP040020.

{¶8} Here, the trial court delayed execution of Rye's sentence for one month to give him additional time with his family and to get his affairs in order. The State stressed that "there will be no deal for six years if [Rye] doesn't report." The trial court advised Rye multiple times that if he failed to surrender himself, the court would impose a much harsher sentence. His own counsel stated on the record in Rye's presence that Rye understood that if the court gave him additional time to report, and that if he were to surrender himself "even a minute late" that there would be a new sentencing hearing "and that one will not go quite as well as this one has and at that hearing he would be facing multiple, multiple, multiple years." The trial court then asked Rye if he understood that reporting on time was part of the plea deal, and if he did not report on time, "the whole deal falls through." Rye responded that he understood.

{¶9} At the resentencing hearing Rye explained that he willfully failed to appear and that "it was the dumbest thing [he] ever did in [his] entire life." Because Rye failed to surrender himself, his sentence had not commenced. See *State v. Spence* (Jan. 19, 1989), 8th Dist. No. 54880. The trial court made it clear that a harsher sentence would be imposed if he failed to

4

report on time. We believe that the trial court's resentencing was justified under the circumstances. See *Best*, 5th Dist. No. 93AP040020; *Spence*, 8th Dist. No. 54880. "Thus, the vacation of sentence and imposition of a harsher penalty came at no jeopardy to him." *Spence*, 8th Dist. No. 54880, citing *Messer*, 7 Ohio App.3d at 268. Rye's assignment of error is overruled.

### III.

{¶10} Rye's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

EMILY S. DURWAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.