[Cite as *State v. Torrestoro*, 2012-Ohio-601.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97224**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANGEL TORRESTORO

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539287

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**FOR APPELLANT**

Angel Torrestoro, pro se
Inmate No. A591-758
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH   44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


SEAN C. GALLAGHER, J.:

{¶1}   This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶2}   Defendant-appellant Angel Torrestoro appeals the trial court's decision denying his petition for postconviction relief.   For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

{¶3}   On September 1, 2010, Torrestoro was convicted of three counts of drug trafficking with schoolyard specifications for acts occurring between February 22 and June 12, 2010, felonies of the third degree, and one count of drug trafficking with forfeiture specifications, a felony of the fifth degree.   The trial court sentenced

Torrestoro to an aggregate prison term of eight years, a $10,000 fine, and five years of postrelease control. No direct appeal was filed.

{¶4} On January 6, 2011, Torrestoro filed a petition for postconviction relief claiming that (1) his trial counsel was ineffective for failing to request an interpreter; (2) attaching the schoolyard specifications to the trafficking crime, which poses no danger of exposure, constitutes outrageous government conduct; and (3) his four convictions were allied offenses of similar import under the theory that his separate crimes were a continuing course of conduct for which the police were required to make an intervening arrest to prevent the later crimes. The trial court summarily denied Torrestoro's petition. On August 5, 2011, the state filed proposed findings of fact and conclusions of law. On August 12, another judge from the Cuyahoga County Pleas Court, not the assigned judge, signed the final order. It is from this decision that Torrestoro timely appeals.

{¶5} Torrestoro's first assignment of error provides as follows: "[The] state denied appellant due process of law when it found a detached judicial officer to adopt its proposed findings and conclusions without allowing an answer within rule." Torrestoro argues that the trial court adopted the proposed findings of facts and conclusions of law seven days after they were filed, preventing Torrestoro from filing objections. Torrestoro's first assignment of error is without merit.

{¶6} In the current case, Torrestoro claims the trial court erred by adopting the proposed findings of fact and conclusions of law seven days after filing when he had ten days to respond pursuant to Cuyahoga County Common Pleas Court Loc.R. 19(B).

However, Torrestoro has not objected to the court's findings of fact and conclusions of law or identified any grounds with which to substantiate any such objections. The fact that the trial court accepted the proposed journal entry three days early is insufficient, in and of itself, to warrant reversal. *Curtis v. Wozniak*, 8th Dist. No. 52074, 1987 WL 11183, *6 (May 7, 1987) (holding that any error in ruling on findings of fact and conclusions of law prior to the response time established by Loc.R. 19(B) was harmless when the opponent failed to raise the error to the trial court's attention or to advance cause to establish error in the findings and conclusions). Any error by the court in this regard was therefore harmless. Crim.R. 52(A). We accordingly overrule Torrestoro's first assignment of error.

{¶7} Torrestoro's second assignment of error provides as follows: "The ill-assigned acting judge abused his discretion in adopting proposed findings and conclusions in a case not upon his docket." Torrestoro's sole argument regarding the second assignment of error is that the state does not have authority to seek disqualification of an assigned judge from a particular case. Torrestoro's second assignment of error has merit.

{¶8} We note that according to the docket, the trial court was not disqualified by the Ohio Supreme Court. Judge Ronald Suster signed the final entry on August 11, 2010, for a case on Judge Michael P. Donnelly's docket. Crim.R. 25(B) provides that "[i]f for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated

by the administrative judge * * * may perform those duties." Therefore, the power to reassign a case to another trial court judge in the multi-court division, rests solely with the administrative judge. In this case, the administrative judge did not exercise that Crim.R. 25(B) power and the order signed by Judge Suster was voidable. *Berger v. Berger*, 3 Ohio App.3d 125, 130, 443 N.E.2d 1375 (8th Dist.1981), *overruled on other grounds, Brickman & Sons, Inc. v. Natl. City Bank*, 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151. This court previously recognized that Torrestoro's remedy lay with a direct appeal in *State ex rel. Torrestoro v. Donnelly*, 8th Dist. No. 97050, 2011-Ohio-4832, 2011 WL 4396925.

{¶9} After Torrestoro appealed the final decision signed by Judge Suster, the trial court ratified the improper order in the following entry: "the finding of fact signed and adopted on 8-11-2011 by fellow jurist Ronald Suster with this court's permission. The judge was out of town on that date and could only be reached by telephone. The court hereby ratifies and adopts the proposed findings of fact filed and adopted on a previous occasion." The trial court, however, was without jurisdiction to ratify the previous final order based on Torrestoro's notice of appeal. *State v. Hatfield*, 8th Dist. No. 95647, 2011-Ohio-6620, WL 6783360, ¶ 19. The notice of appeal divested the trial court of jurisdiction to correct the deficiency that made the final order voidable, the very issue raised on appeal. We, therefore, must review Torrestoro's claims based on the voidable, August 11, 2011 order signed by Judge Suster.

**{¶10}** Torrestoro generally argues that the state took steps to have Judge Suster sign the final order. The docket does not reflect that the state sought to have the administrative judge reassign Torrestoro's case to Judge Suster. Torrestoro's arguments miss the mark but reflect the greater issue that a final order was signed by another trial court judge, at the request of Judge Donnelly who was unavailable to sign the order. This power generally rests with the administrative judge in situations where delays in ruling would be prejudicial. *Berger* at 128-129; Sup.R. 4(B). Inasmuch as Judge Suster signed the final order on behalf of Judge Donnelly, the trial court erred. Crim.R. 25(B) and Sup.R. 4(B) are in place to provide the administrative judge, or acting administrative judge, with powers to promote efficiency within the court when the unavailability of the trial court is prejudicial. Trial courts cannot circumvent the rules out of their own sense of efficiency. If the assigned trial court judge is not available, the rules and procedures of Crim.R. 25(B) and Sup.R. 4(B) must be followed, especially where, as here, a party objects to the matter being "reassigned." Torrestoro's second assignment of error is sustained.

**{¶11}** The decision of the trial court is reversed and the matter remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR