[Cite as *State v. Rye*, 2013-Ohio-1774.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | | |
|---|---|---|---|
| STATE OF OHIO | | | C.A. No.     26576 |
| Appellee | | | |
| v. | | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT E. RYE | | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | | CASE No.     CR 10 02 0498 (A) |

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

---

HENSAL, Judge.

{¶1}   Defendant-Appellant, Scott Rye, appeals from the trial court's decision that denied his motion to alter, amend, or vacate a void judgment.  For the reasons set forth below, this Court affirms.

I.

{¶2}   In 2010, Scott Rye pled guilty to one count each of illegal manufacture of drugs, aggravated possession of drugs, possessing criminal tools and two counts of attempted endangering of children.  He was sentenced to six years in prison pursuant to a plea agreement, but was permitted to remain free until a restitution hearing.  He failed to appear at that hearing, and was later apprehended.  On August 2, 2010, Judge Paul J. Gallagher vacated the previous sentence, and resentenced him to ten years in prison.  The journal entry of the resentencing hearing was filed on August 20, 2010, and signed by a judge other than Judge Gallagher.  Rye filed a direct appeal of his sentence to this Court on the basis that the new sentence constituted

double jeopardy. In *State v. Rye*, 9th Dist. No. 25572, 2011-Ohio-4224, this Court affirmed the trial court's sentencing order.

{¶3} Rye subsequently filed a "Motion [to] Alter, Amend, or Vacate a Void Judgment Pursuant to Rule 11(C), Ohio Rules of Criminal Procedure" in the trial court. He argued that because the August 20, 2011 journal entry is not signed by the sentencing judge, it does not meet the requirements set forth in Criminal Rule 32 for a final, appealable order. Rye further argued that the trial court should vacate his sentence and hold a new hearing as his sentence is unenforceable and void. The trial court denied Rye's motion without a hearing.

{¶4} Rye filed a timely appeal of the trial court's decision, and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION REQUESTING THE COURT ALTER, AMEND OR VACATE A VOID JUDGMENT AS THE TRIAL COURT RETAINS JURISDICTION OVER A VOID JUDGMENT EVEN AFTER THE APPELLANT'S CONVICTION HAS BEEN AFFIRMED BY THE APPELLATE COURT.

{¶5} Rye appears to challenge this Court's jurisdiction over his direct appeal by arguing that the August 20, 2010 sentencing entry is not a final, appealable order as defined by Criminal Rule 32(C). He argues that this Court should reverse his sentence, and remand the matter back to the trial court with an order to issue a sentencing entry that is in compliance with Rule 32(C).

{¶6} To the extent that Rye's motion could be construed as a motion for post-conviction relief pursuant to Revised Code Section 2953.21, this Court reviews the trial court's decision for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶7} This Court notes that Rye's motion was not filed within the statutory time frame of 180 days after the date on which the trial transcript was filed in the court of appeals in his direct appeal. In Rye's direct appeal, the record was filed on October 13, 2010, and supplemented on November 5, 2010. He did not file his motion to alter, amend or vacate his sentence until June 27, 2012, and has not alleged any facts to establish that his motion falls under one of the exceptions set forth in Revised Code Section 2953.23 to the 180 day time limit. To the extent that Rye's claim may be construed as a post-conviction relief motion, it is untimely, and, therefore, this Court finds that the trial court did not abuse its discretion in denying the motion.

{¶8} Rye argues that the sentencing order does not comply with Criminal Rule 32(C), thus, suggesting his prior appeal was a nullity. Because the validity of Rye's sentencing order presents a question of law, this Court applies a de novo standard of review. *State v. Abuhilwa*, 9th Dist. No. 26183, 2012-Ohio-3441, ¶ 5. Criminal Rule 32(C) provides in pertinent part that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." The Ohio Supreme Court held in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 11 that in order to qualify as a final, appealable order, the judgment of conviction must contain these substantive provisions.

{¶9} On its face, the August 20, 2010 sentencing entry meets all the requirements of Criminal Rule 32(C), including a judge's signature, and is a final, appealable order. Rye maintains that the signature is not that of Judge Paul J. Gallagher, who sentenced him. Without advancing any additional evidence, he argues the signature is that of a magistrate. While the signature on the sentencing entry does not appear to be Judge Gallagher's, it does purport to be that of a judge signing for Judge Gallagher as it contains a signature (which is illegible) with the number "4" prior to Judge Gallagher's name.

{¶10} In an analogous case, this Court previously found that when the "[sentencing judge] had already imposed sentence, and the * * * entry reflects both [the] sentence and [the judge's] name, [the judge] signing on the [sentencing judge's] behalf was a ministerial act" permitted by Criminal Rule 25(B). *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, ¶ 52. Criminal Rule 25(B) states that, "[i]f for any reason the judge * * * is unable to perform the duties of the court after a verdict or finding of guilt, another judge * * * may perform those duties." It is unclear from the record why Judge Gallagher did not sign the sentencing entry, but Rye has failed to "contradict[] the presumption of regularity accorded all judicial proceedings." *Banks* at ¶52, quoting *State v. Robb*, 88 Ohio St.3d 59, 87 (2000). Based on the foregoing, this Court concludes that the trial court was correct when it denied Rye's motion to alter, amend or vacate his sentence as the sentencing entry complied with all Criminal Rule 32(C) requirements. Accordingly, Rye's assignment of error is overruled.

III.

{¶11} Rye's only assignment of error is overruled. The judgment of the Summit County Court of Common Pleas denying Appellant's motion to alter, amend or vacate a void judgment is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I would affirm the trial court's judgment solely on the basis of res judicata as the issues Rye raises were apparent on the face of the record and could have been raised on direct appeal. *See State ex rel. Newell v. Gaul*, Slip Opinion No. 2013-Ohio-68.

APPEARANCES:

SCOTT RYE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.