[Cite as *State ex rel. Priest v. Dankof*, 2014-Ohio-540.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL., GREGORY L. PRIEST | : | Appellate Case No. 25978 |
|  | : |  |
| *Petitioner/Relator* | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JUDGE STEVEN DANKOF, MONTGOMERY COUNTY COMMON PLEAS COURT JUDGE | : |  |
|  | : |  |
| *Respondent* |  |  |

---

**DECISION AND FINAL JUDGMENT ENTRY**
February 13, 2014

---

PER CURIAM:

{¶ 1} This matter is before the court on the complaint for a writ of mandamus filed by Gregory Priest. Priest seeks an order from this Court compelling Respondent, Judge Steven K. Dankof of the Montgomery County Common Pleas Court, to issue a final judgment entry of conviction in case no. 09-CR-3231.[1] Priest argues that the original "Termination Entry" filed August 24, 2010 does not bear the signature of the judge

---

[1] Judge Dankof was appointed in December 2010 to fill the vacancy of retiring Judge A. J. Wagner.

presiding over his criminal proceedings, Judge A. J. Wagner, and is, therefore, not a final appealable order under R.C. 2505.02 and Crim.R. 32(C). Priest further argues that the "Nunc Pro Tunc/08-24-10; Termination Entry" filed January 14, 2011 is also not a final appealable order because the entry was not signed by the judge presiding over his criminal proceedings but was signed by Judge Mary Wiseman "for Judge A. J. Wagner."

{¶ 2} Respondent has moved to dismiss Priest's petition.

{¶ 3} "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14. Priest argues that his original judgment of conviction filed on August 24, 2010 does not bear a judge's signature but instead a "figure eight" printed on the line where the judge's signature goes. Priest has attached a copy of the judgment entry to his complaint. While it may not be legible, a signature is present on the entry. Priest has not provided this Court with any controlling authority for his position that a purportedly illegible signature of a judge prevents a sentencing entry from being final and appealable. *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 98133, 2012-Ohio-3581, ¶ 6 (no clear legal right to relief in mandamus on the argument that sentencing entry is not final because signature of respondent judge is illegible). Moreover, Priest had the opportunity on direct appeal to challenge the sufficiency of the August 24, 2010 judgment entry. *Id*. at ¶ 7 (adequate remedy by way of appeal exists to challenge the propriety and sufficiency of sentencing entry containing an allegedly illegible signature by a judge). This Court affirmed Priest's conviction and sentence on September 16, 2011. *State v. Priest*, 2d Dist. Montgomery No. 24225, 2011-Ohio-4694.

{¶ 4} Next, Priest argues that the nunc pro tunc judgment entry issued on January 14, 2011 is not a final appealable order because it was not signed by the judge presiding over his criminal proceedings. The nunc pro tunc entry was filed to correct the omission of Priest's manner of conviction from his August 24, 2010 judgment entry of conviction. The Supreme Court of Ohio has held that "the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction * * * is not a violation of a *statutorily* mandated term, so it does not render the [judgment of conviction] a nullity." (Emphasis sic.) *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19. This type of omission is clerical in nature, and the trial court is permitted to correct it through a nunc pro tunc entry. *Id.* at ¶ 18. Moreover, the supreme court has held that "[a] nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus. The original judgment entry of conviction remains the final appealable order in the case. *Id.* at ¶ 16.

{¶ 5} Priest appears to concede that the January 14, 2011 nunc pro tunc judgment entry is not a final appealable order under *Lester*. *See* Opposition to Motion to Dismiss, Dec. 9, 2013 ("I do not oppose the fact that even Respondent's counsel states that the nunc pro tunc entry is now consider [sic] obsolete because of the *Lester* decision"). He argues, however, that because the nunc pro tunc entry only corrected the manner of conviction, the original judgment entry in August 2010 remains interlocutory due to the lack of a judge's signature. This argument lacks merit insofar as we have found that the original judgment entry constitutes a final appealable order.

{¶ 6} Furthermore, we find that the nunc pro tunc entry satisfies the signature requirement of Crim.R. 32(C) because it contains a signature of a judge signing on behalf of the judge presiding over Priest's criminal case. *See State v. Rye*, 9th Dist. No. 26576, 2013-Ohio-1774,

¶ 10 (the ministerial act of signing a judgment entry of conviction may be performed by a judge signing on the sentencing judge's behalf when the sentencing judge has already imposed sentence, and the entry reflects the sentence and the sentencing judge's name).

{¶ 7} Accordingly, Respondent's motion to dismiss is SUSTAINED. Priest's complaint for a writ of mandamus is DENIED, and this matter is DISMISSED.

SO ORDERED.

_____
JEFFREY E. FROELICH, Presiding Judge

_____
MIKE FAIN, Judge

_____
MARY E. DONOVAN, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____
JEFFREY E. FROELICH, Presiding Judge

[Cite as *State ex rel. Priest v. Dankof*, 2014-Ohio-540.]
Copies to:

Gregory Priest, #636-496
Relator
P.O. Box 69
London, Ohio 43140

Carley Ingram
Attorney for Respondent
301 W. Third Street, 5th Floor
Dayton, Ohio 45422

CA3/JN


Issue date: February 13, 2014