THE STATE EX REL. HARRIS, APPELLANT, *v.* HAMILTON COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Harris v. Hamilton Cty. Court of Common Pleas,* **139 Ohio St.3d 149, 2014-Ohio-1612.**]

*Mandamus—Prohibition—Signing of a judgment entry of conviction is a ministerial act when the assigned judge has imposed sentence and the entry correctly reflects the sentence and the assigned judge's name— Judgment dismissing petition for writs of mandamus and prohibition affirmed.*

(No. 2013-0992—Submitted October 8, 2013—Decided April 22, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130260.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the First District Court of Appeals dismissing the petition for writs of mandamus and prohibition filed by appellant, Lionel Harris.

{¶ 2} Harris was charged with aggravated murder in Hamilton County in 1991. His case was assigned to the docket of Common Pleas Court Judge Thomas Nurre.

{¶ 3} A visiting judge, Judge Donald Schott, was assigned to preside over the trial. The jury found Harris guilty. On January 29, 1992, Judge Schott read the jury's verdict, then immediately excused the jury and, the defense having waived a presentence investigation, sentenced Harris to serve a term of 20 years to life.

{¶ 4} By judgment entry also dated January 29, 1992, the trial court sentenced Harris to a term of life imprisonment, with the possibility of parole

after 20 years. However, the judgment entry was signed by Judge Nurre on behalf of Judge Schott.

**{¶ 5}** On April 26, 2013, Harris filed an original action in the First District Court of Appeals requesting writs of mandamus and prohibition and seeking to declare the entry of conviction void. Harris argued that the judgment entry was void because it was signed by a judge who did not preside over the trial. The court of appeals granted the state's motion to dismiss on the grounds that the relief sought by Harris was not available through mandamus or prohibition.

**{¶ 6}** If in fact the judgment entry failed to comply with Crim.R. 32(C), then mandamus or procedendo would be the proper remedy to compel the trial court to issue a new sentencing entry. *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 9. However, we find that Harris's sentencing entry does not violate Crim.R. 32(C), and we therefore affirm the lower court's decision on that basis.

**{¶ 7}** Crim.R. 25(B) provides that "[i]f for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge * * * may perform those duties." There is no evidence—and the state does not contend—that the administrative judge reassigned the case to Judge Nurre after Judge Schott presided over the trial.

**{¶ 8}** However, this court has held that Crim.R. 25(B) does not preclude one judge from signing for another without a reassignment when the matter is purely ministerial. *State v. Robb*, 88 Ohio St.3d 59, 87, 723 N.E.2d 1019 (2000) (signing a death warrant is a ministerial act that does not require the signature of a sentencing judge).

**{¶ 9}** We agree with those courts of appeals that have held that signing a judgment entry of conviction is a ministerial act when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the

2

assigned judge's name. *See, e.g., State ex rel. Priest v. Dankof*, 2d Dist. Montgomery No. 25978, 2014-Ohio-540, ¶ 6; *State v. Rye*, 9th Dist. Summit No. 26576, 2013-Ohio-1774, ¶ 10.

{¶ 10} In arguing that the sentencing entry is void, Harris relies upon *State v. Torrestoro*, 8th Dist. Cuyahoga No. 97224, 2012-Ohio-601. In *Torrestoro*, the appellate court reversed a decision because the sentencing entry was signed by a judge other than the assigned judge. *Torrestoro* is distinguishable because there was no indication that the assigned judge reviewed and approved the findings of fact before they were adopted in the final judgment entry by a different judge. By contrast, in those cases in which sentencing entries signed by a judge other than the assigned judge have been approved, the assigned judge verbally sentenced the defendant, so the journalization of that sentence by a different judge was a nondiscretionary, ministerial act. *See Rye* at ¶ 10; *State v. Banks*, 9th Dist. Summit No. 25279, 2011-Ohio-1039, ¶ 52; *State v. Tolbert*, 9th Dist. Summit No. 24958, 2010-Ohio-2864, ¶ 47-48. The same is true here: according to Harris's own allegations, Judge Schott orally pronounced a sentence of 20 years to life from the bench. The subsequent judgment entry merely journalized that sentence without alteration.

{¶ 11} Therefore, the judgment entry complies with the requirements of Crim.R. 25(B).

{¶ 12} A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. All of these elements are present. Because Judge Nurre's signing the entry was proper, the entry satisfies the requirements of Crim.R. 32(C).

{¶ 13} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Lionel Harris, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____