[Cite as *Deutsche Bank v. Smith*, 2015-Ohio-2961.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FFMLT TRUST 2005-FF2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-FF2,

    Plaintiff-Appellee,

  vs.

LORI E. SMITH,

    Defendant-Appellant.

:
:
:
:
:
:
:
:
:
:

APPEAL NO. C-140514
TRIAL NO. A-1108156

*O P I N I O N.*

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 24, 2015

*Brian E. Chapman*, for Plaintiff-Appellee,

*Ivan L. Tamarkin*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   This is an appeal from a summary judgment in a foreclosure case.  The homeowner argues (1) that the trial court erred in granting summary judgment in favor of the bank because there existed genuine issues of material fact, (2) that the bank's claim was barred by res judicata under the "two-dismissal rule," and (3) that prejudicial error occurred when a judge who had not been assigned to the case signed the judgment entry and decree of foreclosure.   We find each argument to be without merit, and affirm the judgment of the trial court.

## I. Background

{¶2}   Lori Smith bought a home in 2004.  The purchase was financed by First Franklin Financial Corporation ("First Franklin").  Ms. Smith executed a mortgage ("the Mortgage") and a promissory note ("the Note") in conjunction with the transaction.  First Franklin subsequently transferred the Note and assigned the Mortgage to Deutsche Bank National Trust Company ("Deutsche Bank").  In 2008, Ms. Smith defaulted on the Note when she stopped making payments.

{¶3}   Prior to the institution of this case, Deutsche Bank twice initiated foreclosure actions against Smith.   Both cases were voluntarily dismissed by Deutsche Bank pursuant to Civ.R. 41(A)(1).

{¶4}   In 2011, Deutsche Bank instituted the present action for foreclosure. Ms. Smith filed an answer and subsequently a first amended answer.  The amended answer asserted various counterclaims, including claims for violation of the Truth in Lending Act, Home Ownership Equity Protection Act and Consumer Sales Protection Act.  Deutsche Bank responded with motions to dismiss the counterclaims and for summary judgment.  Ms. Smith filed a cross-motion for summary judgment.  She

also sought to amend her answer and counterclaim a second time, this time to assert the affirmative defense of res judicata.

{¶5} The matter was heard before a magistrate, who granted summary judgment in Deutsche Bank's favor and denied Smith's motions. Ms. Smith filed objections to the magistrate's decision. Following oral argument, the trial court overruled her objections and adopted the magistrate's decision.

## II. Summary Judgment for Deutsche Bank was Appropriate

{¶6} Ms. Smith argues in her first assignment of error that the trial court erred in granting summary judgment in Deutsche Bank's favor because there existed genuine issues of material fact. Specifically, she asserts that Deutsche Bank refused to accept payments from her, and that her monthly payment was higher than had been indicated in a Truth in Lending statement provided to her at closing.

{¶7} Deutsche Bank presented evidence by affidavit that it was entitled to enforce the mortgage, that Smith was in default, of the amount of principal and interest due, and that it had provided Smith with notice of intent to accelerate the loan. Further, Ms. Smith failed to timely respond to Deutsche Bank's request for admissions, thereby admitting that she signed the note and mortgage and had failed to make payments since March of 2008. Thus, Deutsche Bank set forth evidence to meet all the elements necessary for summary judgment in this foreclosure action. *See U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

{¶8} In response, Ms. Smith makes various arguments, none sufficient to defeat summary judgment. She relies on statements in her affidavit opposing summary judgment that the bank refused to accept payments after March 1, 2008. In a different affidavit, this one filed in opposition to Deutsche Bank's motion to dismiss her counterclaims, she averred "[s]ince February 2008, the Plaintiff has refused to take any

3

payments, although I have offered to make the payments through the proposed modification." Thus, what she appears to be saying is that the Deutsche Bank refused to modify the loan on terms she suggested. Regardless, the evidence is uncontroverted that she hasn't made payments since 2008, and that the loan has been accelerated. Further, there is no evidence that she ever tendered any payment that was rejected. As a consequence, we conclude that her self-serving statements about Deutsche Bank's "refusal" to accept payments are insufficient to defeat summary judgment.

{¶9} Ms. Smith also complains that her payments were higher than she expected based upon a Truth in Lending statement from 2004. But that document only establishes an expected monthly payment exclusive of escrow items and late charges. She has not set forth any evidence that any funds were misapplied or that the amounts due under the note have been miscalculated.

{¶10} Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in Deutsche Bank's favor. The first assignment of error is overruled.

### III. The Trial Court Properly Overruled Ms. Smith's Motion for Summary Judgment and Motion to File a Second Amended Answer and Counterclaims

{¶11} In her second assignment of error, Ms. Smith argues that the trial court erred in refusing to allow her to amend her answer to assert a defense of res judicata, and in overruling her motion for summary judgment raising the res judicata defense.

{¶12} Her res judicata argument is premised on Civ.R. 41(A)(1)(b), which provides that a voluntary dismissal under Civ.R. 41(A) is "without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." She argues under this "two-dismissal rule"

4

that Deutsche Bank's claim was barred by res judicata because it had twice dismissed foreclosure claims against her previously.

{¶13} An order denying a motion to amend a pleading is reviewed for an abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). Here, Ms. Smith did not request to amend her answer the second time until after dispositive motions were filed, and the court found the amendment would prejudice Deutsche Bank. We cannot say that the court's decision was "unreasonable, arbitrary, or unconscionable" and, therefore, find no abuse of discretion. *Id.*

{¶14} The court would have also been right to deny amendment on the basis that it would be a futile act. In support of her argument that res judicata applies, Ms. Smith relies upon *U.S. Bank Natl. Assn. v. Gullotta,* 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, a case in which the two-dismissal rule was applied to dismiss a foreclosure action. But in *Gullotta*, the court explained that "Civ.R. 41(A) would not apply to bar a third claim if the third claim were *different* from the dismissed claims." *Gullotta* at ¶ 33. In fact, "[h]ad there been any change as to the terms of the note or mortgage, had any payments been credited, or had the loan been reinstated * * * res judicata would not be in play." *Id.* at ¶ 38. Here, Ms. Smith admits that she paid Deutsche Bank $4,755.56 to cure any default in 2007. Because a payment had been credited, the present claim is different than the previously dismissed claims, and the two-dismissal rule would not apply.

{¶15} Having failed to timely raise the defense of res judicata, she was barred from asserting it in her motion for summary judgment. *See* Civ.R. 8(C); *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, 21, 688 N.E.2d 506 (1997); *but see State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991) (holding that

5

res judicata can be raised in a motion for summary judgment). But regardless, even if it had been properly raised, she would not have been entitled to summary judgment on the issue.

{¶16} We therefore overrule Smith's second assignment of error.

### IV. The Signature Problem

{¶17} In her final assignment of error, Ms. Smith asserts it was error for a judge who had not ruled on previous motions or objections to sign the foreclosure entry.

{¶18} This case was assigned to Judge Robert Winkler. All proceedings were conducted before the magistrate, and objections were heard by Judge Winkler. On October 17, 2013, the magistrate rendered a decision in which he (1) denied Smith's motion to file a second amended answer and counterclaims, (2) granted Deutsche Bank's motion for summary judgment, (3) denied Smith's cross-motion for summary judgment, and (4) granted Deutsche Bank's motion to dismiss the amended counterclaims. Ms. Smith filed objections, and Judge Winkler heard oral argument on the objections. Following argument, Judge Winkler signed an entry overruling the objections and adopting the magistrate's decision. Pursuant to Loc.R. 17 of the Hamilton County Court of Common Pleas, Deutsche Bank prepared a journal entry in accordance with the court's decision. The "Judgment Entry and Decree of Foreclosure," however, were mistakenly submitted not to Judge Winkler, but to Judge Jody Luebbers, who signed the entry. It was from this final order that Smith appealed. *See* R.C. 2505.02.

{¶19} A judgment is effective only after it is signed by the court and entered upon the journal. Civ.R. 58(A). The Ohio Supreme Court in *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, dealt with the effect of an

improper signature on a judgment entry. The court determined that where—as here—a court has jurisdiction over the case and the parties, an improper signature does not cause the judgment to be void, but rather such judgment is voidable. *Id.* at ¶ 17.

{¶20} In order to reverse a voidable judgment, we must "find[] error prejudicial to the appellant." App.R. 12(D). Here, we do not find—and Smith has not identified—any prejudicial error. Prior to the signing of the final judgment, Judge Winkler already had made all the decisions necessary for foreclosure: in adopting the magistrate's decision, he dealt with each substantive legal issue raised by the parties and concluded that there was a legal basis for the foreclosure to go forward. In the situation where the assigned judge has determined the material issues and that entry accurately reflects that judge's decision, the signing of a judgment entry becomes largely a ministerial act. *Compare State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, ¶ 7-9. We find no prejudice from the fact that the judgment entry was signed by the wrong judge.

{¶21} Within this assignment of error, Ms. Smith also argues that the court did not "undertake an independent review as to the objected matters" raised in her objections. *See* Civ.R. 53(D)(4)(d). But Ms. Smith has not demonstrated that the required review did not occur. Absent such demonstration, we presume that the court's review was proper. *See Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47 (4th Dist.).

{¶22} Because Smith did not suffer prejudice as a result of the signature and did not demonstrate that the court did not conduct an independent review of the matters considered by the magistrate, her final assignment of error is overruled, and the judgment is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

