[Cite as *State v. Boyle*, 2020-Ohio-1224.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOHN F. BOYLE, JR. | : | Case No. 2019 CA 0114 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 1990CR56


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 March 30, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH C. SNYDER                          JOHN F. BOYLE, JR., PRO SE
38 South Park Street                      Inmate No. A222-633
Mansfield, OH  44902                      Marion Correctional Institution
                                          P.O. Box 57
                                          Marion, OH  43301-0057

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, John F. Boyle, Jr., appeals the November 15, 2019 order of the Court of Common Pleas of Richland County, Ohio overruling his motions regarding his 1990 sentence.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 1990, appellant was convicted of aggravated murder and abuse of a corpse.  By journal entry filed July 2, 1990, the trial court sentenced appellant to an indeterminate term of twenty years to life on the murder count and one and one half years on the abuse of a corpse count, to be served consecutively, with no parole eligibility until after appellant served twenty years.

{¶ 3}   On July 3, 1990, the trial court issued a judgment entry nunc pro tunc and sentenced appellant to a term of life imprisonment with no parole eligibility until twenty full years have been served on the murder count and one and one half years on the abuse of a corpse count, to be served consecutively.

{¶ 4}   Between September 19, and November 4, 2019, appellant filed several motions regarding his sentence.  By order filed November 15, 2019, the trial court overruled his motions.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "WHERE A JOURNALIZED SENTENCE IS FACIALLY CONTRARY TO LAW, STATE V. SMITH, 2019 OHIO 155; AND, STATE V. HOUSTON, 2019 OHIO 355, AND SUCH SENTENCE VARIES FROM THE SENTENCE ANNOUNCED IN OPEN COURT, THE OFFICE OF NUNC PRO TUNC MAY NOT BE EMPLOYED ['BY A JUDGE

WHOM DID NOT PRESIDE OVER THE TRIAL'] IN DEFENDANT'S ABSENCE, CRIM. R. 43(A); WHEN DEFENDANT WAS NOT REPRESENTED BY COUNSEL, CRIM. R. 44(A), U.S.C.A. CONST. AMEND. 6, NOR HAD DEFENDANT RECEIVED ANY 'NOTICE' THAT SUCH A HYBRID, EX PARTE RESENTENCING HAD OCCURRED. SEE: APP. R. 5 (*REQUIRING THE PROSECUTOR TO FILE A TIMELY APPEAL IN SUCH CASES). SEE ALSO: STATE V. GOIST, 1998 OHIO APP. LEXIS 6390, TO WIT: CRIM. R. 43(A) PROVIDES IN PART: "DEFENDANT'S PRESENCE. THE DEFENDANT SHALL BE PRESENT AT THE ARRAIGNMENT AND EVERY STAGE OF THE TRIAL, INCLUDING THE IMPANELING OF THE JURY, THE RETURN OF THE VERDICT, AND THE IMPOSITION OF SENTENCE, EXCEPT AS OTHERWISE PROVIDED BY THESE [*10] RULES."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in denying his motions regarding his 1990 sentence. We disagree.

{¶ 8} During the sentencing hearing at transcript pages 3230-3231, the trial court sentenced appellant to the following:

Pursuant to section 2929.01 of the Ohio Revised Code, John F. Boyle, Jr., I now sentence you to life imprisonment with an opportunity or possibility of probation or parole, I should say, after service of 20 years. Upon that crime, pursuant to 2929.01, I'm going to fine you the sum of $21,500. On the charge of abuse of a corpse and pursuant to section 2929.11 of the Ohio Revised Code which sets out the penalties for felonies in Ohio, I'm going to sentence you to 18 months to run consecutive to the

term on the Aggravated Murder charge and a fine of $2,500 to run consecutive to the fine on the Aggravated Murder charge.

{¶ 9}  The July 2, 1990 journal entry stated the following:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant, John F. Boyle, Jr. be imprisoned in the Ohio State Penitentiary, for an indeterminate term of not less than twenty (20) years to LIFE as it pertains to Count I, Aggravated Murder, and an additional one and one half years (1 1/2) years as it pertains to Count II, Abuse of a Corpse, to be served consecutively to Count I; with no parole eligibility until after Defendant has served twenty (20) years.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that defendant pay $25,000 fine pertaining to Count I, and an additional $2,500.00 fine as it pertains to Count II.

{¶ 10} The July 3, 1990 judgment entry nunc pro tunc stated the following:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant, John F. Boyle, Jr., be imprisoned in the Ohio State Penitentiary for a term of life imprisonment with no parole eligibility until twenty (20) full years have been served by the defendant, as it pertains to Count One of the Indictment of Aggravated Murder.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that an additional one and one half (1 1/2) years determinate sentence of imprisonment in the Ohio State Penitentiary be imposed upon the Defendant as it pertains to Count Two, Abuse of a Corpse, to be served consecutively to Count One.

IT IS FURTHER ORDERED that defendant pay $25,000.00 fine pertaining to Count One, and an additional $2,500.00 fine as it pertains to Count Two.

{¶ 11} Through various motions filed in 2019, appellant challenged his 1990 sentence, arguing the July 3, 1990 judgment entry nunc pro tunc changed his sentence without him being present, and objecting to the fact that both the July 2 and 3, 1990 entries were signed by the administrative judge instead of the presiding judge on the case.

{¶ 12} In its November 15, 2019 order overruling appellant's motions, the trial court first found the signature of the administrative judge on the entries "was a ministerial act and permitted by Crim.R. 25(B) as held by the Supreme Court of Ohio." We agree. *See* Crim.R. 25; *State v. Robb,* 88 Ohio St.3d 59, 2000-Ohio-275, 723 N.E.2d 1019 (2000); *State ex rel. Harris v. Hamilton County Court of Common Pleas,* 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057.

{¶ 13} The trial court then noted the wording in the July 2, 1990 journal entry "would appear to allow the Defendant parole eligibility after serving his one and half year sentence in Count Two and eighteen and a half years of the twenty to life sentence. This is an incorrect statement of the sentence required by law and of the sentence that was actually imposed on the record in court."

{¶ 14} The trial court concluded the July 3, 1990 judgment entry nunc pro tunc "is a correct statement of the law and a correct statement of the sentence that was imposed on the record in open court. A nunc pro tunc order was appropriate in this case to fix what was a ministerial wording issue." *See* Crim.R. 36(A); *State v. Bryan,* 5th Dist. Muskingum No. CT2018-0058, 2019-Ohio-2980. Again, we agree. A defendant does not have the right to be present when a nunc pro tunc sentencing entry is issued that does not change the defendant's sentence and accurately reflects the original sentence. *State v. Spears,* 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229.

{¶ 15} Further, the trial court noted appellant could not point to any prejudice in the issuance of the judgment entry nunc pro tunc as he received the sentence imposed in open court.

{¶ 16} We concur with the trial court's finding that the judgment entry nunc pro tunc properly reflected the sentence imposed by the trial judge in open court, and appellant did not establish any prejudice as a result of the judgment entry filed nearly thirty years ago. The judgment entry nunc pro tunc did not increase the original sentence.

{¶ 17} Upon review, we find the trial court did not err in overruling appellant's motions.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db