[Cite as *State v. Banks*, 2013-Ohio-163.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97084**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUAN BANKS

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-546456
Application for Reopening
Motion No. 458344

**RELEASE DATE:** January 23, 2013

-i-

**FOR APPELLANT**

Juan Banks, pro se
Inmate No. 603-214
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio   45699


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Scott Zarzycki
           Mary H. McGrath
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Juan Banks has filed an application for reopening pursuant to App.R. 26(B). Banks is attempting to reopen the appellate judgment, as rendered in *State v. Banks*, 8th Dist. No. 97084, 2012-Ohio-2495, which affirmed his conviction for the offense of murder with firearm specifications. We decline to reopen Banks's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Banks establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90- day deadline for the filing of applications to reopen. * * *

> * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.)

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7-8, 10. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v.*

*Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

{¶3} Herein, Banks is attempting to reopen the appellate judgment that was journalized on June 7, 2012. The application for reopening was not filed until September 6, 2012, more than 90 days after journalization of the appellate judgment in *Banks*. Banks has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. In fact, Banks has not attempted to address the issue of "good cause" vis-a-vis the untimely filing of his application for reopening. Thus, the application for reopening fails on its face. *State v. Klein*, 8th Dist. No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed*, Motion No. 49260 (Mar. 15, 1994), *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, Ohio App. LEXIS (July 13, 1995), *reopening disallowed*, Motion No. 70493 (Apr. 22, 1996); *State v. Travis*, 8th Dist. No. 56825, 1990 Ohio App. LEXIS (Apr. 5, 1990), *reopening disallowed*, Motion No. 51073 (Nov. 2, 1994), *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. No. 79626, 2007 Ohio App. LEXIS 147 (Jan. 17, 2007); *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

{¶4} Accordingly, the application for reopening is denied.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
MARY J. BOYLE, J., CONCUR