[Cite as *State ex rel. Snead v. Ferenc,* 138 Ohio St.3d 136, 2014-Ohio-43.]

THE STATE EX REL. SNEAD, APPELLANT, *v.* FERENC, JUDGE, APPELLEE.

[Cite as *State ex rel. Snead v. Ferenc,* 138 Ohio St.3d 136, 2014-Ohio-43.]

*Criminal Procedure—Crim.R. 32—Judgment entry of conviction—Nunc pro tunc correction—Writs of mandamus and prohibition denied.*

(No. 2013-1084—Submitted October 8, 2013—Decided January 14, 2014.)

APPEAL from the Court of Appeals for Clermont County, No. CA2013-04-031.

_____

**Per Curiam.**

{¶ 1} Appellant, Robert A. Snead, appeals from the judgment of the Twelfth District Court of Appeals dismissing his petition for writs of mandamus and prohibition to compel appellee, Clermont County Court of Common Pleas Judge Richard P. Ferenc, to correct a Crim.R. 32(C) error in Snead's 2002 judgment entry of sentence and to prevent appellee from correcting that error through a nunc pro tunc entry. The court of appeals properly dismissed his petition because the trial court's correction of the error by way of a nunc pro tunc entry made the mandamus aspect of the petition moot and because Snead had an adequate remedy through an appeal.

{¶ 2} Snead pled guilty in 2002 in Clermont County Common Pleas Court to a number of felonies, including kidnapping with a sexual-motivation specification, felonious assault on a police officer, and aggravated burglary. On February 27, 2002, the common pleas court issued a judgment entry in *State v. Snead*, Clermont C.P. No. 2001-CR-00010, reflecting Snead's guilty plea and ordering a presentence investigation.

{¶ 3} On March 11, 2002, the court entered a judgment entry of sentence. That entry set out the charges upon which Snead was found guilty and

the 21-year sentence of imprisonment imposed. The common pleas court judge signed the entry, and it was file-stamped by the clerk of courts.

{¶ 4} Eleven years later, on April 10, 2013, Snead filed a petition for writs of mandamus and prohibition in the Twelfth District Court of Appeals. Snead argued that the March 11, 2002 judgment entry was defective—and hence not a final, appealable order—because it did not contain all the elements required under Crim.R. 32(C). Specifically, the March 11, 2002 entry did not indicate the manner of his conviction. Snead argued that in order to find all the required elements of a final, appealable order, one had to review two documents, the March 11, 2002 judgment entry and the earlier February 27, 2002 judgment entry, in violation of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 5} On April 18, 2013, the trial court issued a nunc pro tunc judgment entry of sentence. The nunc pro tunc entry stated the fact of conviction, listed the offenses of which Snead was convicted, repeated the sentence, and this time indicated the manner of conviction—Snead's guilty plea.

{¶ 6} Snead then was granted leave to file an amended petition and argued in the court of appeals that the nunc pro tunc entry did not cure the defective March 11, 2002 judgment entry for two principal reasons. First, Snead asserted that a court cannot use a nunc pro tunc entry to correct a judgment that is void under Crim.R. 32(C) and *Baker*. And second, Snead contended that neither the March 11, 2002 judgment entry nor the nunc pro tunc entry disposed of the three felony charges that had been brought against him in case No. 2001-CR-00091, which he asserted had been merged with case No. 2001-CR-00010.

{¶ 7} On June 7, 2013, the Twelfth District Court of Appeals dismissed the petition on the grounds that the nunc pro tunc entry rendered the mandamus claim moot and that relief in prohibition was unavailable because Snead had an

2

adequate remedy by way of appeal to dispute the propriety of the nunc pro tunc entry.

{¶ 8} We find that Snead's challenge to the validity of the March 11, 2002 judgment entry has no merit. A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The March 11, 2002 judgment entry contains all four of those required elements.

{¶ 9} *Lester* held that the manner of conviction is a requirement of Crim.R. 32(C), but that its absence from the entry does not affect the finality of the order. *Id*. at ¶ 12. Moreover, *Lester* held that the omission of the manner of conviction is a clerical error, which the trial court may correct through a nunc pro tunc entry. *Id*. at paragraph two of the syllabus.

{¶ 10} This court has consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc correction. *See State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17-18, and cases cited therein. Snead's argument that it was customary in Clermont County to omit "manner of conviction" information, and therefore that the omission must be regarded as intentional and not clerical, has no legal basis.

{¶ 11} Based on *Lester*, the court of appeals was correct to dismiss the mandamus claim as moot. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 10, quoting *State ex rel. Dehler v. Kelly*, 123 Ohio St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1 (" 'mandamus will not compel the performance of an act that has already been performed' "); *State ex rel. Walker v. Donnelly*, 8th Dist. Cuyahoga No. 96307, 2011-Ohio-1106, 2011 WL 826359, ¶ 3-4. And because Snead had an adequate remedy, the court of appeals correctly dismissed his prohibition claim.

**{¶ 12}** Alternatively, Snead argues that the March 11, 2002 judgment entry was not a final, appealable order because it did not reflect the disposition of the three felony charges in case No. 2001-CR-00091. Snead cites a number of decisions in which a criminal defendant was tried on multiple charges, the trial court entered final judgment as to one but not all of the counts, and the court of appeals dismissed the appeal for lack of a final, appealable order. *See, e.g., State v. Brown*, 59 Ohio App.3d 1, 569 N.E.2d 1068 (8th Dist.1989).

**{¶ 13}** Those cases are distinguishable. The Clermont County Common Pleas Court's docket for case No. 2001-CR-00091 shows that the state voluntarily dismissed all charges filed under that case number on February 27, 2002, before the final sentencing entry in case No. 2001-CR-00010 was issued. The March 11, 2002 entry disposed of all charges remaining in Snead's case, which is all that was required to create a final, appealable order. Nothing in Crim.R. 32(C) or this court's jurisprudence requires a trial court to include as part of its sentencing entry the disposition of charges that were previously dismissed by the prosecution.

**{¶ 14}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert A. Snead, pro se.

D. Vincent Faris, Clermont County Prosecuting Attorney, and Judith Brant, Assistant Prosecuting Attorney, for appellee.

_____