[Cite as *State v. Hill*, 2014-Ohio-3416.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100536

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### RONDELL L. HILL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-551296

**BEFORE:** Rocco, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

-i-

**FOR APPELLANT**

Rondell L. Hill, pro se
#624-139
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kevin R. Filitraut
          James M. Price
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Rondell L. Hill, proceeding pro se, appeals from the trial court's judgment entry of resentence after this court remanded Hill's case for that purpose in *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578 ("*Hill I*"), *appeal not accepted*, 136 Ohio St.3d 1450, 2013-Ohio-3210, 991 N.E.2d 257.

**{¶2}** Hill presents five assignments of error. Four of them present additional challenges to his conviction as modified in *Hill I*. The second assignment of error challenges as "contrary to law" the sentence that the trial court imposed pursuant to this court's order of remand.

**{¶3}** Because the issues relating to his conviction and his trial counsel's performance are barred by the doctrines of res judicata and law of the case, they are inappropriate matters for consideration in this appeal, and Hill's assignments of error that relate to them are overruled. Moreover, because the trial court imposed the correct sentence upon remand, Hill's second assignment of error also is overruled. Hill's sentence is affirmed.

**{¶4}** A brief background to Hill's case is provided by quoting as follows from *Hill I*:

Defendant-appellant, Rondell L. Hill * * * , challenges his conviction and sentence for aggravated murder. Because we find there was *insufficient evidence that Hill acted with prior calculation and design, one of the elements of aggravated murder*, *we modify Hill's conviction from aggravated murder to murder*, vacate his sentence, and remand for resentencing.

* * *

After the state rested, the trial court denied Hill's Crim.R. 29(A) motion for acquittal. Hill did not call any witnesses and did not testify in his own defense. The state requested a jury instruction on the lesser included offense of murder, which the court granted. The jury subsequently found Hill guilty of aggravated murder *and the firearm specifications*, and the trial court sentenced him to *three years on the firearm specification, consecutive to 30 years for aggravated murder*, i.e., life without parole eligibility until after 33 years in prison.

* * *

In his first assignment of error, *Hill contends* that the trial court erred in denying his Crim.R. 29(A) motion for acquittal because *there was insufficient evidence* that he committed *aggravated* murder.

* * *

The evidence in this case indicates a sudden eruption of events, not prior calculation and design. Accordingly, *there was insufficient evidence to support Hill's conviction for aggravated murder. There was, however, sufficient evidence that Hill committed murder* in violation of R.C. 2903.02, which provides that "[n]o person shall purposefully cause the death of another."

* * * Hill's conviction for aggravated murder is modified to the lesser included offense of murder. * * *

The first assignment of error is sustained in part; Hill's conviction is modified accordingly.

In his second assignment of error, *Hill contends that his conviction * * * was against the manifest weight of the evidence* * * * .

* * *

* * * In light of th[e] evidence [presented], *Hill's conviction for murder is not against the manifest weight of the evidence.* His second assignment of error is therefore overruled.

* * *

In his fourth assignment of error, *Hill contends that he was denied his constitutional right to effective assistance of counsel because his lawyer did not request a jury instruction* regarding self-defense.

* * *

There was no evidence that Hill had a bona fide belief that he was in imminent danger and his only means of escape was to use force; rather, the testimony was that [the victim] did not have a gun and the argument never escalated into a physical fight. Furthermore, self-defense *was inconsistent with Hill's theory of the case that he was not the shooter.* Accordingly, Hill has failed to demonstrate that counsel's performance fell below an objective standard or that he was prejudiced by such performance.

The fourth assignment of error is therefore overruled.

* * *

In his sixth assignment of error, Hill argues that his sentence is contrary to law. In his seventh assignment of error, Hill contends that the trial court improperly gave him a longer sentence because he did not testify at trial or express remorse at sentencing. *Because we are remanding for resentencing, these assignments of error are overruled as moot.*

Hill's aggravated murder conviction is vacated, the conviction is modified to murder, and the matter is remanded for re-sentencing.

(Emphasis added; citations omitted.)

**{¶5}** On remand, the trial court conducted a resentencing hearing and imposed a prison term of three years for the firearm specification prior to and consecutive with a term of 15 years to life.

**{¶6}** Hill filed the instant appeal from the trial court's order of resentence. He presents the following assignments of error.

> I.   Appellant was denied effective assistance of counsel as guaranteed by Section 10 Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to request a jury instruction on voluntary manslaughter under R.C. 2903.03 and involuntary manslaughter under R.C. 2903.04.

> II.   Appellant's sentence is contrary to law.

> III.   Appellant's convictions are unconstitutional and denied Appellant of his Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

> IV.   The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence against the Appellant.

> V.   Appellant's convictions are against the manifest weight of the evidence and Appellant seeks to have a new trial under Criminal Rules 33(A) and (B).

**{¶7}** Appellant's first, third, fourth, and fifth assignments of error all present issues that result from this court's decision in *Hill I* to modify Hill's conviction.   In effect, Hill seeks to vacate the finding of guilt on a charge of murder with firearm specifications.   However, because the Ohio Supreme Court declined to accept

Hill's appeal from this court's decision in *Hill I*, litigation of these issues is barred by the doctrines of res judicata and law of the case. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus; *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶11,15; *State v. Hines*, 8th Dist. Cuyahoga No. 95319, 2011-Ohio-2393, ¶ 13.

{¶8} Accordingly, Hill's first, third, fourth, and fifth assignments of error are overruled.

{¶9} In his second assignment of error, Hill asserts that the trial court imposed a sentence that is "contrary to law" because the trial court both at the sentencing hearing and in the journal entry failed to (1) impose fifteen "full" years, (2) mention anything about parole eligibility, and (3) mention that Hill "had a firearm on or about his person or under his control while committing the offense." This court does not agree.

{¶10} R.C. 2929.02 governs the penalties for murder and states in pertinent part that a person who is convicted of that offense "shall be imprisoned for an indefinite term of fifteen years to life * * *." R.C. 2929.02(B)(1). The statute thus required the trial court to sentence Hill to an indefinite term of fifteen years to life in prison, and that is exactly what the trial court did.

{¶11} This court previously has determined that the trial court was under no duty to pronounce specifically that Hill must serve a "full" fifteen years to life.

*State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, ¶ 14-15; *compare*

*State v. Harding*, 10th Dist. Franklin No. 10AP-370, 2011-Ohio-557. This court

has also indicated that the trial court lacked authority to discuss parole eligibility.

*State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-163, at ¶ 74-76.

{¶12} As to Hill's sentence on the firearm specification, this court affirmed

that portion of his sentence in *Hill I* by stating the following at ¶ 26-30:

> The evidence demonstrated that both Hill and [the victim] were calm as they walked toward Hill's house but that their argument about the money quickly escalated again. Taylor testified that only a few moments later, he heard three shots, and then saw Hill put his gun in his pants and run away. We can reach no other conclusion from this evidence but that Hill's decision to kill * * * was * * * the result of the sudden eruption (again) of his argument with [the victim] about the money.

> The fact that Hill shot [the victim] three times does not indicate prior calculation and design. * * * [T]he evidence was that the shots were fired in succession, indicating that the act was one continuous course of events. * * *

> The evidence in this case indicates a sudden eruption of events, not prior calculation and design. Accordingly, there was insufficient evidence to support Hill's conviction for aggravated murder. There was, however, sufficient evidence that Hill committed murder in violation of R.C. 2903.02 * * * .

> Accordingly, Hill's conviction for aggravated murder [with firearm specifications] is modified to the lesser included offense of murder. * * *

> The first assignment of error is sustained in part; Hill's conviction is modified accordingly.

**{¶13}** *Hill I*, therefore, clearly left intact the jury's finding of guilt on the firearm specification, along with the three-year prison sentence imposed for that conviction. *See State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶ 15, citing *State v. Lytle*, 49 Ohio St.3d 154, 157, 551 N.E.2d 950 (1990). Under these circumstances, the trial court was not required to specify either at the resentencing hearing or in the journal entry that the jury previously made a finding that he "had a firearm on or about his person while committing the offense" of murder. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142; *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013.

**{¶14}** Hill's second assignment of error is, accordingly, also overruled.

**{¶15}** Hill's sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR