[Cite as *State v. Priest*, 2014-Ohio-3843.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

    Plaintiff-Appellee                                :           C.A. CASE NO.     25896

v.                                                              :           T.C. NO.     09CR3231/1

GREGORY L. PRIEST, JR.                        :              (Criminal appeal from
                                                                            Common Pleas Court)

    Defendant-Appellant                          :

                                                                :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the 5th day of September, 2014.

. . . . . . . . . .

TIFFANY C. ALLEN, Atty. Reg. No. 089369, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GREGORY L. PRIEST, JR., #636-496, London Correctional Institute, 1580 State Route 56 SW, P. O. Box 69, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Gregory L. Priest, Jr. appeals from the trial court's denial of his "Motion to

Vacate Conviction and for Re-sentencing Hearing" and his "supplemental and amended" motion to vacate the termination entry, for resentencing, and for a hearing.[1]  Priest claims that the trial court's termination entry was not a final appealable order.  For the following reasons, the trial court's denial of his motions will be affirmed.

## I. Procedural History

{¶ 2}    In November 2009, Priest was indicted for aggravated robbery with a firearm specification, failure to comply with an order or signal of a police officer (substantial risk of serious physical harm), and having a weapon while under disability.   The matter was tried before a jury, and the jury acquitted Priest of aggravated robbery, but found him guilty of the other two charges. The three verdict forms were filed on July 7, 2010.   Filed contemporaneously with the verdict forms was a "verdict entry" for each count, which indicated (1) that Priest, his counsel, and the prosecutor appeared in open court, (2) that the case was heard by a duly empaneled and sworn jury, (3) that the jury returned a verdict in open court, and (4) the verdict.   The verdict entries were signed by the trial judge.

{¶ 3}    The trial court subsequently sentenced Priest to five years in prison on both the failure to comply and weapons under disability charges, to be served consecutively, imposed $10,000 fines for each count, and suspended Priest's driver's license for five years. On August 24, 2010, the trial court filed a termination entry reflecting its sentence; the termination entry did not mention the aggravated robbery charge of which Priest was

---

[1]    This motion was titled, "Supplemental and Amended Motion to Present Sentencing Termination Entry as being an Interlocutory Judgment Entry Only and Not a Final Appealable Order from which Defendant can Legally Appeal; to Resentence Defendant and File an Amended and Legally Sufficient Termination Entry; Request for Forthwith Hearing Respectfully Requested."

acquitted.

{¶ 4} Priest appealed from his convictions. During the pendency of that appeal, we ordered Priest to seek a revised termination entry from the trial court, stating that the original termination entry was not a final appealable order due to its failure to indicate the manner of his convictions. *State v. Priest*, 2d Dist. Montgomery No. 24225 (Jan. 5, 2011). The trial court filed a revised termination entry, nunc pro tunc, on January 14, 2011; the entry was signed by a different judge. We subsequently affirmed Priest's convictions. *State v. Priest*, 2d Dist. Montgomery No. 24225, 2011-Ohio-4694.

{¶ 5} On July 3, 2012, Priest filed a "Motion to Vacate Conviction and for Re-sentencing Hearing." Priest claimed that neither his original termination entry nor the January 14, 2011 nunc pro tunc termination entry disposed of the first count of the indictment (of which he was acquitted) and thus neither entry was a final appealable order. Priest also argued that his sentences were void, because they exceeded the maximum sentence allowed by the jury's verdicts. In June 2013, Priest filed a supplemental and amended motion to vacate his termination entry, for resentencing, and for a hearing. Priest raised the same arguments as his original motion, but he identified four cases that he considered to be dispositive.

{¶ 6} The trial court overruled both the July 3, 2012 motion and the June 2013 supplemental motion on August 5, 2013. The court concluded that a judgment of conviction did not need to address offenses of which the defendant was acquitted, and that Priest's January 14, 2011 judgment entry was a final appealable order. The court rejected Priest's argument that his sentences exceeded the amount allowed by the jury's verdict

forms; the court noted that the verdicts included the specific findings necessary to elevate his offense from a first-degree misdemeanor to a third-degree felony. Finally, the court ruled that Priest's challenges to the judgment entry could have been raised on direct appeal and were barred by res judicata.

{¶ 7} Priest appeals from the trial court's denial of his motions to vacate his judgment, for resentencing, and for a hearing.

## II. Analysis

{¶ 8} Priest's sole assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF JURISDICTION WHEN IT FAILED TO ENTER A PROPER JOURNAL ENTRY TO DISPOSE OF THE JURY'S VERDICTS AND COULD NOT BE CORRECTED THROUGH ORAL PRONOUNCEMENT RENDERING THE COUNTS STILL ACTIVE WITHOUT FINAL DISPOSITION.

{¶ 9} Priest asserts that the trial court has yet to enter a final appealable judgment of conviction in his case, because the trial court did not properly dispose of all counts in the indictment. Priest argues that the trial judge did not sign the verdict entry forms, which was required to dispose of the charges.

{¶ 10} At the time of Priest's convictions, Crim.R. 32(C)[2] provided:

---

[2] Crim.R. 32(C) was amended, effective July 1, 2013. It now reads: "*A judgment of conviction shall set forth the fact of conviction and the sentence.* Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." (Emphasis added.)

A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered upon the journal by the clerk.

{¶ 11} In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Supreme Court of Ohio determined that a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, paragraph one of the syllabus. Although former Crim.R. 32(C) indicated that the judgment entry should include the manner of conviction, *Lester* held that its absence from the judgment entry did not affect the finality of the order. *Lester* at ¶ 12. Where the manner of conviction was missing, the trial court could correct the omission by means of a nunc pro tunc entry. *Lester* at paragraph two of the syllabus; *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 9.

{¶ 12} Priest's original judgment entry indicated that Priest had been found guilty of failure to comply in violation of R.C. 2921.331(B) and (C)(5) and of having a weapon while under disability, in violation of R.C. 2923.13(A)(3); both offenses were third-degree felonies. The court imposed a sentence for each count. The judgment entry was signed by the trial judge and filed with the clerk. The entry failed to include the manner of Priest's convictions, but the trial court properly corrected this error by means of a nunc pro tunc entry on January 14, 2011. The fact that the nunc pro tunc entry was signed by a different

judge is of no import. *See State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057 ("signing a judgment entry of conviction is a ministerial act when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the assigned judge's name"); *State ex rel. Priest v. Dankof*, 2d Dist. Montgomery No. 25978, 2014-Ohio-540, ¶ 6.

{¶ 13} Neither the original judgment entry nor the nunc pro tunc entry mentioned the aggravated robbery charge of which Priest was acquitted. However, a trial court is not required to include as part of its sentencing entry the disposition of charges that were previously disposed of by other means, such an acquittal or dismissal. *See Ferenc* at ¶ 13 (sentencing entry was not required to include the disposition of charges that were previously dismissed by the prosecution); *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2. Rather, Crim.R. 32(C) "requires a full resolution of those counts *for which there were convictions*." (Emphasis sic.) *State ex rel. Davis* at ¶ 2, quoting with added emphasis *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, ¶ 8.

{¶ 14} Contrary to Priest's assertions, the trial court addressed the aggravated robbery charge in its July 7, 2010 verdict entry. That entry indicated that the jury had found Priest not guilty of aggravated robbery as charged in the indictment, the entry was signed by the trial court, and it was filed with the clerk. The trial court's original termination entry, which concerned the two counts of which Priest was convicted, was filed on August 24, 2010.

{¶ 15} Priest asserts that the "figure eight" symbol on the signature lines of the

verdict entries is insufficient to constitute the judge's signature. To support this assertion, Priest relies on a scheduling order in another criminal proceeding against him (*State v. Priest*, Montgomery County Common Pleas Court Case No. 2009 CR 1113/1); that order, attached to his brief as Appendix A, appears to be signed "A J Wagner." A review of the record in the case before us reflects that the "figure eight" mark has consistently been used by the trial judge as his signature. We reject Priest's contention that the trial judge did not sign the verdict entries.

{¶ 16} In summary, the record establishes that the trial court disposed of the aggravated robbery charge in its verdict entry, that the trial court subsequently issued a final appealable order in this case on August 24, 2010, and that the absence of the manner of conviction in the August 24, 2010 judgment entry was properly corrected by the trial court's nunc pro tunc entry on January 14, 2011.

{¶ 17} Priest's sole assignment of error is overruled.

III.   Conclusion

{¶ 18} The trial court's denial of Priest's motions will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Tiffany C. Allen
Gregory L. Priest, Jr.
Hon. Steven K. Dankof