[Cite as *State v. Maston*, 2020-Ohio-209.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28172 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-4622 |
| | : | |
| WILLIAM M. MASTON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, William M. Maston, appeals from his judgment of conviction in the Dayton Municipal Court after being found guilty of two counts of criminal trespass following a bench trial.   In support of his appeal, Maston contends that the trial court erred in sentencing him to pay a $25 fine without first considering his present and future ability to pay the fine.   Maston also contends that the sentencing entry issued by the trial court erroneously states that he entered a guilty plea to the criminal trespassing offenses as opposed to being found guilty after a bench trial.   The State concedes error on both matters raised by Maston.

{¶ 2} Upon review, we agree that the trial court erred by failing to consider Maston's present and future ability to pay the fine imposed and by issuing a sentencing entry that incorrectly stated Maston's manner of conviction.   Therefore, the portion of the trial court's judgment ordering Maston to pay a $25 fine will be reversed; the matter will be remanded to the trial court for a determination of Maston's present and future ability to pay the fine and for resentencing on that issue.   When issuing its new sentencing entry, the trial court shall reflect the correct manner of Maston's conviction.   In all other respects, the judgment of the trial court is affirmed.

**Relevant Facts and Course of Proceedings**

{¶ 3} On July 30, 2018, the State filed a criminal complaint charging Maston with two counts of criminal trespass, one count in violation of R.C. 2911.21(A)(3) and the other count in violation of R.C. 2911.21(A)(4).   Both counts were charged as fourth-degree misdemeanors.   The charges stemmed from allegations that Maston refused to leave the Miami Valley Hospital emergency room following his after-hours discharge on July 30,

2018. It was alleged that Maston refused to leave the hospital despite hospital police explaining to Matson that the hospital's policy required him to either leave the premises or to arrange for a ride home. After the police gave Maston multiple directives to comply with said policy, Maston refused to comply and was thereafter arrested for criminal trespass.

{¶ 4} Maston pled not guilty to the charges in the complaint, and the matter was scheduled for a bench trial to take place on October 4, 2018. The trial date, however, was continued due to Maston's suffering a seizure. Maston's trial was thereafter rescheduled for October 10, 2018, and went forward as rescheduled.

{¶ 5} After the bench trial, the trial court found Maston guilty of the two criminal trespass charges. Once the guilty verdict was issued, the trial court proceeded immediately to sentencing. During sentencing, the trial court merged the two criminal trespass convictions and sentenced Maston to serve 30 days in jail with 28 days suspended and two days of jail-time credit. The trial court also sentenced Maston to two years of non-reporting community control sanctions with the special condition that Maston stay away from Miami Valley Hospital unless he was transported there for a medical emergency. The trial court further ordered Maston to pay a $25 fine and court costs.

{¶ 6} Maston now appeals from the judgment of conviction, raising two assignments of error for review.

**First Assignment of Error**

{¶ 7} Under his first assignment of error, Maston contends that the trial court erred by sentencing him to pay a $25 fine without first considering his present and future ability

to pay the fine. The State concedes error in that regard. Upon review, we agree that the trial court erred by failing to consider Maston's present and future ability to pay the fine imposed.

{¶ 8} "[T]he imposition of financial sanctions in misdemeanor cases is governed by R.C. 2929.28." *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 20. R.C. 2929.28(B) provides that, "the court *may* hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." (Emphasis added.) While this court has held that R.C. 2929.28(B) provides that a hearing on a defendant's ability to pay a financial sanction is merely discretionary, we have also held that there still must be " 'some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed.' " *State v. Simmons*, 2d Dist. Montgomery No. 26181, 2015-Ohio-446, ¶ 8, quoting *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 34 and *State v. Reigsecker*, 6th Dist. Fulton No. F-03-022, 2004-Ohio-3808, ¶ 11. *Accord State v. Flanagan*, 11th Dist. Ashtabula No. 2015-A-0020, 2015-Ohio-5528, ¶ 48.

{¶ 9} In this case, there is nothing in the record indicating that the trial court considered Maston's present and future ability to pay the $25 fine at issue. The only information in the record that pertains to Maston's ability to pay indicates that, at the time of trial, Maston was 51 years old, insured by CareSource, and suffering from multiple seizures a week. By itself, this information does not establish that the trial court considered Maston's present and future ability to pay the fine imposed. Therefore, we find that the trial court erred in sentencing Maston to pay a $25 fine without first

considering his present and future ability to pay.

{¶ 10} Maston's first assignment of error is sustained.

**Second Assignment of Error**

{¶ 11} Under his second assignment of error, Maston contends that the sentencing entry issued by the trial court erroneously stated that he entered a guilty plea to the criminal trespassing offenses at issue. The State concedes, and we agree, that the trial court's sentencing entry did not state the correct manner of conviction. The record clearly indicates that Maston did not enter a guilty plea, but instead was found guilty of criminal trespass following a bench trial. The incorrect statement regarding Matson's manner of conviction is a clerical error that can be corrected nunc pro tunc. *State v. Melvin*, 2d Dist. Montgomery Nos. 27248, 27263, 2017-Ohio-7938, ¶ 19, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus; *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 9; *State v. Priest*, 2d Dist. Montgomery No. 25896, 2014-Ohio-3843, ¶ 11. However, insofar as our disposition of this case will require the trial court to issue a new sentencing entry, the error shall be corrected in that entry.

{¶ 12} Maston's second assignment of error is sustained.

**Conclusion**

{¶ 13} Having sustained both of Maston's assignments of error, the portion of the trial court's judgment ordering Maston to pay a $25 fine is reversed and vacated, and the matter is remanded to the trial court for a determination of Maston's present and future

ability to pay the fine, and resentencing on that issue. When issuing a new sentencing entry after remand, the trial court is also ordered to reflect the correct manner of Maston's conviction in the new entry. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Troy B. Daniels
Michael Hallock, Jr.
William M. Maston
Hon. Christopher D. Roberts