[Cite as *State v. Richards*, 2021-Ohio-389.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,           :    Case No.  20CA12

    vs.                           :

KENDALL K. RICHARDS,              :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.          :

_____

APPEARANCES:

George J. Cosenza, Parkersburg, West Virginia, for appellant.

Nicole Tipton Coil, Washington County Prosecuting Attorney, Marietta, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:  2-3-21
ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Kendall K. Richards, defendant below and appellant herein, assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE COMMON PLEAS COURT OF WASHINGTON COUNTY, OHIO ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE UPON THE APPELLANT."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "THE COMMON PLEAS COURT OF WASHINGTON COUNTY, OHIO ERRED WHEN IT FAILED TO CONDUCT

AN EVIDENTIARY HEARING ON THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA."

THIRD ASSIGNMENT OF ERROR:

"THE COMMON PLEAS COURT OF WASHINGTON COUNTY, OHIO ERRED WHEN IT FAILED TO GIVE THE APPELLANT CREDIT FOR RESTITUTION PROVIDED TO THE VICTIM, JAMES VUKSIC, BY VIRTUE OF GRANTING SAID VICTIM A LIEN ON THE APPELLANT'S PROPERTY WORTH $960,000.00."

FOURTH ASSIGNMENT OF ERROR:

"THE COMMON PLEAS COURT OF WASHINGTON COUNTY, OHIO ERRED WHEN IT CALCULATED INTEREST IN THE AMOUNT OF RESTITUTION OWED TO THE VICTIM, JAMES VUKSIC."

{¶ 2} On December 15, 2017, a Washington County grand jury returned an indictment that charged appellant with two counts: (1) theft from a person in a protected class, in violation of R.C. 2913.02(A)(2) and (B)(3); and (2) aggravated theft, in violation of R.C. 2913.02(A)(2) and (B)(2).

{¶ 3} On April 17, 2018, appellant agreed to enter a plea of guilty to aggravated theft, in violation of R.C. 2913.02(A)(2) and (B)(2). The written plea of guilty notes that appellant understood that the maximum prison term is eight years. The written plea further states:

> No promises have been made except as part of this plea agreement, stated entirely as follows: Plead guilty to count two amending the victim to James Vuksic; The plea of guilty will be filed, but there will be no finding or judgment of guilty found or filed; If full restitution, which is approximately $1,238,000.00, including credit for the Jeep, is paid on or before October 18, 2019 at 10:00 am, the case will be dismissed with prejudice; if full restitution is not paid, a status conference will be held on October 18, 2019 at 10:00 am; the $45,000 cashier's

check held by the Washington County Sheriff's Office will be returned to Kendall Richards and, if necessary, endorsed by James Vuksic to Kendall Richards; the freeze on Kendall Richards' Community Bank account in Parkersburg, WV will be lifted; the Jeep in the possession of the West Virginia State Police shall be titled and released to James Vuksic; and James Vuksic shall have a lien secured by a deed of trust against a parcel of real estate in Wood County, WV owned by patsy Richards and Kendall Richards.

{¶ 4} Appellant, however, did not comply with the terms of the plea agreement. Thus, on April 3, 2020 the trial court found (1) appellant guilty of aggravated theft and sentenced him to serve eight years in prison; and (2) appellant owes $1,398,000 in restitution, plus statutory interest, to James Vuksic. This appeal followed.

{¶ 5} Before we may review the merits of appellant's assignments of error, we first must determine whether we have jurisdiction to do so. Courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution; *State v. Jackson*, 149 Ohio St.3d 55, 2016–Ohio–5488, 73 N.E.2d 414, ¶ 46; *State v. Thompson*, 141 Ohio St.3d 254, 23 N.E.3d 1096, 2014–Ohio–4751, 23 N.E.3d 1096, ¶ 37. "As a result, '[i]t is well-established that an order [or judgment] must be final before it can be reviewed by an appellate court. If an order [or judgment] is not final, then an appellate court has no jurisdiction.'" *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007–Ohio–607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Jackson* at ¶ 46 (stating that courts lack "jurisdiction over orders that are not final appealable"); *Thompson* at ¶ 37 (same). In the event that the parties involved in an appeal do not raise this jurisdictional issue, the appellate court must raise it sua sponte. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker–Merrell*

*v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶ **6**} "'[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02.'" *State v. Baker*, 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163, ¶ 6, modified on other grounds in *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 746 N.E.2d 1092 (2001), citing *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36, 460 N.E.2d 1372 (1984). R.C. 2505.02(B) defines the characteristics of a final order and states in relevant part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * *

{¶ **7**} "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *Baker* at ¶ 9.

{¶ **8**} Crim.R. 32(C) outlines the elements that a final, appealable judgment of conviction must contain. *Jackson* at ¶ 47; *Thompson* at ¶ 38. Crim.R. 32(C) states:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ **9**} Thus, "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

*State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, ¶ 14; *accord Jackson* at ¶ 47; *Thompson* at ¶ 38.  Furthermore, "[a]s a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)."  *Jackson* at ¶ 48, quoting *Baker* at ¶ 17; *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 45 N.E.3d 1003, 2015–Ohio–5343, 45 N.E.3d 1003, ¶ 8; *Thompson* at ¶ 39; *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015–Ohio–2830, 2015 WL 4231627, ¶ 22.

{¶ 10} This court consistently has stated that a trial court's judgment of conviction is not final and appealable if any counts of the indictment remain unresolved.  *State v. Geisler*, 4th Dist. Athens No. 07CA35, 2008–Ohio–4836, 2008 WL 4325566, ¶ 13, quoting *State v. Brooks*, 8th Dist. Cuyahoga No. 58548 (May 16, 1991), citing *State v. Brown*, 59 Ohio App.3d 1, 2, 569 N.E.2d 1068 (8th Dist.1989) (stating that trial court possesses "'a mandatory duty to deal with each and every charge prosecuted against a defendant,'" and "'[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32 [(C)]'"); *e.g., State v. Gillian*, 4th Dist. Gallia No. 15CA3, 2016–Ohio–3232, 2016 WL 3058444, ¶ 6; *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015–Ohio–3370, 2015 WL 4987992, ¶ 11; *In re B.J.G.*, 4th Dist. Adams No. 10CA894, 2010–Ohio–5195, 2010 WL 4215625, ¶ 7; *State v. Wyant*, 4th Dist. Scioto No. 08CA3264, 2009–Ohio–5200, 2009 WL 3132525, ¶ 10; *accord State v. Pippin*, 1st Dist. Hamilton No. C–150061, 2016–Ohio–312, 2016 WL 524355, ¶ 5 ("An order in a criminal case is not final where the court fails to dispose of all the charges that are brought against a criminal defendant in an action.").  To be final, a court's judgment need not, however, reiterate counts that ""were resolved in other ways, such as dismissals, nolled counts, or not

guilty findings.""" *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011–Ohio–761, 944 N.E.2d 672, ¶ 3, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010–Ohio–4728, 936 N.E.2d 41, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010–Ohio–1066, 2010 WL 972808, ¶8. Instead, the court's judgment must fully resolve """those counts for which there were convictions.""" (Emphasis sic.) *Id.*, quoting *State ex rel. Davis*, 127 Ohio St.3d 29 at ¶ 2, 936 N.E.2d 41, quoting *State ex rel. Davis*, 2010–Ohio–1066 at ¶ 8; *accord State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 4 N.E.3d 1013, 2014–Ohio–43, 4, ¶ 13 (stating that "[n]othing in Crim.R. 32(C) or [the supreme] court's jurisprudence requires a trial court to include as part of its sentencing entry the disposition of charges that were previously dismissed by the prosecution"). For example, in *Rose*, the court held that the "sentencing entry did not need to include the dispositions of the counts that Rose was originally charged with but that were not the basis for his convictions and sentence" when "[t]hose counts were nolled." *Id.*

{¶ 11} Accordingly, a proper Crim.R. 32(C) judgment of conviction need not reiterate charges that "were resolved in other ways." Before the judgment of conviction may become final and appealable, however, the record must reflect that all counts of the indictment actually were resolved in some manner. *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 21 ("a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending"); *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012–Ohio–572, ¶ 6; *accord State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013–Ohio–5118, ¶ 6; *State v. Pruitt*, 8th Dist. Cuyahoga No. 96852, 2012–Ohio–1535, ¶ 5. A failure to properly terminate these so-called "'hanging charges' prevents the conviction from being a final order

under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case." *Marcum* at ¶ 6, citing Painter and Pollis, Ohio Appellate Practice (2011–2012 Ed.), Section 2.9; *accord State v. Goodwin*, 9th Dist. Summit No. 23337, 2007–Ohio–2343, 2007 WL 1427473, ¶ 7 (stating that "'a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him'"); *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012–Ohio–413, ¶ 6 (determining that "when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory"); *State v. Heavilin*, 9th Dist. Medina No. 15CA0034–M, 2016–Ohio–1284, 2016 WL 1192793, ¶ 9, quoting *State v. Roberson*, 9th Dist. Lorain No. 09CA0099555, 2009–Ohio–6369, ¶ 6, quoting *Goodwin* at ¶ 13 (stating that a court "'"must dispose of all charges brought in a single case against a defendant in order to be final"'"). "'Allowing, or indeed requiring, a criminal defendant who wishes to appeal to appeal on some charges before all charges against him or her in a case have been disposed of would potentially result in multiple appeals from the same case, each appeal addressing less than all the issues.'" *Goodwin* at ¶ 11, quoting *Wilcox v. Nick's L.A. Prod.*, 9th Dist. No. 15064, 1991 WL 168593 (Aug. 28, 1991).

{¶ 12} In the case sub judice, it appears that none of the trial court's journal entries disposes of the first count (theft) contained in the indictment. Although the court had mentioned the dismissal of the count during the 2018 change-of-plea hearing, "[i]t is axiomatic that a court speaks only through its journal entries." *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015–Ohio–1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA4, 2005–Ohio–4204, ¶ 18. "The oral announcement of a judgment or decree binds no one." *State*

*v. Grube*, 4th Dist. Gallia No. 10CA16, 2012–Ohio–2180, ¶ 7, quoting *In re Adoptions of Gibson*, 23 Ohio St.3d 170, 492 N.E.2d 146, (1986), at fn. 3.   Consequently, count one remains a "hanging charge" and prevents the trial court's judgment from being a final order.

{¶ 13} Accordingly, based upon the foregoing reasons, because we have no jurisdiction to review appellant's assignments of error we dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.