[Cite as *State v. Aguilar*, 2014-Ohio-5777.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.   14AP0012 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN AGUILAR | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.   10-CR-0264 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

HENSAL, Presiding Judge.

{¶1}    Appellant-Defendant, Melvin Aguilar, appeals a judgment of the Wayne County Court of Common Pleas that denied his motion for sentencing.  For the following reasons, this Court reverses and remands the matter to the trial court to consider the merits of Mr. Aguilar's motion in the first instance.

I.

{¶2}    In 2010, Mr. Aguilar pleaded guilty to one charge of felonious assault with an accompanying firearm specification for which the trial court sentenced him to eight years of imprisonment.  This Court upheld his conviction and sentence on appeal.  *State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008.  In 2013, Mr. Aguilar moved to withdraw his plea, which the trial court denied.  On January 8, 2014, this Court dismissed Mr. Aguilar's attempted appeal of the order denying his motion to withdraw his plea due to lack of jurisdiction

because his appeal was untimely.  Mr. Aguilar moved for reconsideration of our order dismissing his appeal, which we denied on February 7, 2014.

{¶3}    On March 20, 2014, Mr. Aguilar filed a motion for sentencing, seeking to have his original sentence declared void.  The trial court denied the motion.  Mr. Aguilar appeals, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THERE IS NO FINAL APPEALABLE ORDER WITHIN THE MEANING OF CRIM R. 32(C); AND, *STATE V. BAKER*, 119 OHIO ST. 3D 197, WHEN A TRIAL COURT FAILS TO 'ENTER A FINDING OF GUILT' AT THE PLEA COLLOQUY, *STATE V. MILLER*, 9TH DIST. NO. 06CA0046, 2007 OHIO 1353, AT ¶14, AND THEN COMPOUNDS THAT FATAL ERROR BY FAILING TO PROPERLY INFORM A CRIMINAL DEFENDANT OF THE [CONSEQUENCES] OF A VIOLATION OF A POSTRELEASE SANCTION PURSUANT TO: O.R.C. § 2943.032(E); AND *WOODS V. TELB* (2000), 89 OHIO ST. 3D 504, 511.  *SEE ALSO*: *STATE V. BEDFORD*, 184 OHIO APP. 3D 588, AT: ¶8 (IDENTIFYING THAT THE USAGE OF THE LANGUAGE "UP TO" IN COURT'S JOURNAL ENTRY RENDERS THE ATTEMPTED SENTENCE A NULLITY, VOID, AND A NONFINAL APPEALABLE ORDER." *ID.*, AT: ¶8 AND ¶11. (SIC)

### ASSIGNMENT OF ERROR II

A JUDGMENT WHICH DOES NOT CONSTITUTE A FINAL APPEALABLE ORDER IMPLICATES THE UNDERLYING CONVICTION, *STATE V. MITCHELL*, 187 OHIO APP. 3D 315, AND IS NOT SUBJECT TO APPLICATION OF THE DOCTRINE OF RES JUDICATA.  *SEE: STATE EX REL SNEAD V. FERENC*, 2014 OHIO 43 (OHIO) 2014 OHIO LEXIS 24[.] (SIC)

{¶4}    Mr. Aguilar argues that his trial in 2010 did not result in a final, appealable order, and, thus, his conviction is void.  He also argues that this alleged deficiency would not trigger the application of res judicata.  We disagree with the trial court's decision that it lacked jurisdiction to substantively address Mr. Aguilar's claims, as there were no pending appeals at the time that he filed his motion.

{¶5} Mr. Aguilar filed a post-conviction motion to withdraw his guilty plea on September 26, 2013. On October 7, 2013, the trial court denied his petition, and he attempted to appeal that decision to this Court. On January 8, 2014, we dismissed his attempted appeal as untimely. *See State v. Aguilar*, 9th Dist. Wayne No. 13CA0051 (Jan. 8, 2014). We denied Mr. Aguilar's subsequent motion to reconsider on February 7, 2014. *Id*.

{¶6} After this Court dismissed Mr. Aguilar's appeal concerning the denial of his motion to withdraw his guilty plea, he filed a motion for sentencing on March 20, 2014. The trial court denied his motion because "[t]his case has been appealed to the Ninth District Court of Appeals. This court is without jurisdiction to entertain motions while the matter is under appeal." Mr. Aguilar, however, did not have a pending appeal at the time that he filed his motion for sentencing.

{¶7} "[T]his court would exceed its role as a reviewing court if it considered a[n] * * * issue that the trial court did not consider in the first instance." *State v. George*, 9th Dist. Wayne No. 13CA0036, 2014-Ohio-4123, ¶ 8. Therefore, we remand the matter to the trial court to consider the motion for sentencing in the first instance. This Court takes no position on the merits of the arguments of the parties as those arguments are not properly before us.

III.

{¶8} The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MELVIN AGUILAR, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.