[Cite as *State v. Rickard*, 2020-Ohio-294.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals Nos. WD-19-030
                                                                                      WD-19-031
      Appellee

                                       Trial Court Nos. 2013CR0596
v.                                                                                           2013CR0574

Cody Rickard                                     **DECISION AND JUDGMENT**

      Appellant                               Decided:  January 31, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Paul Croushore, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} In this consolidated appeal, appellant, Cody Rickard, appeals the judgment of the Wood County Court of Common Pleas, denying his petition for postconviction relief as untimely filed under R.C. 2953.23(A)(2).  Because we find that the petition was

timely filed, we reverse the trial court's judgment and remand this matter to the trial court for its consideration of the merits of appellant's postconviction petition.

## A. Facts and Procedural Background

{¶ 2} The relevant facts of this appeal are not in dispute. On November 6, 2013, appellant was indicted in case No. 2013CR0574 on two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(a) and (C)(2), felonies of the fourth degree, and two counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), felonies of the second degree. These charges stemmed from an incident that occurred on October 28, 2013. On that morning, appellant passed a barricade at the intersection of John Street and South Main Street near Bradner, Wood County, Ohio. A crew of railroad workers were repairing a railroad crossing that was located within several hundred feet of the intersection. After crossing a second barricade, appellant struck several traffic directional signs and a telephone pole, and later swerved into a mechanic's truck where several workers were standing. Three workers were struck in the collision. Two of them, Jimmy Conley and Luis Knott, suffered substantial injuries. Tragically, the third worker, Paul Castle, later died from the impact.

{¶ 3} Following Castle's death, the Wood County Grand Jury indicted appellant in case No. 2013CR0596 on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(b) and (B)(3), a felony of the third degree, one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and (B)(3), a felony of the third

2.

degree, and one count of felony murder in violation of R.C. 2903.02(B), an unspecified felony.

{¶ 4} Appellant pleaded not guilty to the charges, and a jury trial was held on January 27-30, 2014. The jury returned a verdict of guilty on all counts, and the trial court went immediately to sentencing. In case No. 2013CR0574, the court found that the two offenses of vehicular assault merged with the two offenses of felonious assault, with the state electing to proceed to sentencing on the counts of felonious assault. The trial court ordered appellant to serve seven years in prison on each count, with those sentences to be served consecutively. In case No. 2013CR0596, the trial court found that the two offenses of aggravated vehicular homicide merged with the offense of murder, and the state elected to proceed to sentencing on the count of murder. The trial court then ordered appellant to serve a term of 15 years to life in prison, and further ordered that the sentence be served consecutively to the sentence imposed in case No. 2013CR0574, for a total prison term of 29 years to life. Appellant timely appealed his convictions, which we affirmed in *State v. Rickard*, 6th Dist. Wood Nos. WD-14-016, WD-14-017, 2015-Ohio-3298.

{¶ 5} While his appeal was pending before this court, appellant filed a petition for postconviction relief, in which he argued that trial counsel was ineffective for failing to investigate his mental status at the time of the incident. The trial court held a hearing on appellant's motion, and subsequently denied it on June 19, 2015. Appellant appealed the denial of his postconviction motion, and in *State v. Rickard*, 6th Dist. Wood Nos.

3.

WD-15-046, WD-15-047, 2016-Ohio-3374, we reversed and remanded the case to the trial court for further proceedings.

{¶ 6} On remand, appellant entered a plea of not guilty by reason of insanity, and he was committed to the Northwest Psychiatric Hospital for a mental health examination. Appellant was later committed to the Twin Valley Behavioral Healthcare Hospital in Columbus, Ohio, for an additional mental health examination.

{¶ 7} Ultimately, the matter proceeded to a second trial on February 6-10, 2017. Appellant was found guilty on all counts contained in the indictments, and the trial court proceeded immediately to sentencing, ordering appellant to serve the maximum prison terms on each count, and further ordering the terms to be served consecutively for a total prison sentence of 29 years to life. Appellant timely appealed his convictions, which we affirmed in *State v. Rickard*, 6th Dist. Wood Nos. WD-17-011, WD-17-012, 2019-Ohio-298.

{¶ 8} While his appeal was pending before this court in case Nos. WD-17-011 and WD-17-012, appellant filed a second petition for postconviction relief, in which he argued, inter alia, that trial counsel was ineffective for failing to retain an accident reconstruction expert to refute the state's theory as to the placement of the barricades, and failed to address "client issues although the evidence was available to him." Appellant's postconviction petition was initially filed on July 10, 2018, and was subsequently amended on January 8, 2019, and again on January 17, 2019.

4.

{¶ 9} On March 25, 2019, the trial court issued its order on appellant's postconviction petition. In its order, the trial court stated that the trial transcript was filed in this court on appellant's direct appeal in case Nos. WD-17-011 and WD-17-012 on April 28, 2017. The trial court noted that the record was later supplemented with a transcript of a video deposition that was used at trial pursuant to App.R. 9(E) on July 10, 2017. Notwithstanding the subsequent filing of the deposition transcript, the trial court found that the date on which the transcript was filed under R.C. 2953.21 was April 28, 2017. Because appellant's petition was filed more than 365 days after the date on which the trial transcript was filed, the trial court found that it was untimely under R.C. 2953.21(A)(2), and consequently dismissed the petition without a hearing. Appellant's timely appeal followed.

## II. Assignments of Error

{¶ 10} On appeal, appellant presents the following assignments of error for our review:

Assignment of error No. 1: The trial court erred in denying Mr. Rickard's post-conviction motion on the basis of untimeliness.

Assignment of error No. 2: Had the trial court not erred in denying Mr. Rickard's post-conviction motion on the basis of untimeliness, it should have ordered a hearing.

5.

### III. Analysis

{¶ 11} In his first assignment of error, appellant argues that the trial court erred in concluding that his postconviction petition was untimely filed under R.C. 2953.21. Specifically, appellant asserts that the trial court should have assigned July 10, 2017, and not April 28, 2017, as the date on which the trial transcript was filed under R.C. 2953.21(A)(2).

{¶ 12} We review the denial of a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 13} Concerning appellant's timeliness argument, R.C. 2953.21(A)(2) requires that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." As noted above, the trial transcript was originally filed in this court in appellant's direct appeal on April 28, 2017. However, on July 10, 2017, a written transcript of a video deposition was filed by order of this court under App.R. 9(E).

{¶ 14} In *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, the Ohio Supreme Court examined "whether a videotape recording of the trial court proceedings filed in the court of appeals constitutes a 'transcript' pursuant to App.R. 9(A)

6.

and R.C. 2953.21(A)(2) so as to trigger the 180-day[1] time requirement for filing a petition for postconviction relief under the statute." *Id*. at ¶ 1. The court answered the question in the negative, holding: "For purposes of determining when the 180-day time period for filing a post-conviction relief petition shall accrue, only the certified, written transcript constitutes a 'transcript' under App.R. 9(A) and R.C. 2953.21(A)(2) when both a videotape recording and the written form of the proceedings are available." *Id*. at syllabus.

{¶ 15} As was the case in *Everette*, the record in appellant's direct appeal contains both a videotape recording and the written transcript of the proceedings. Thus, the Ohio Supreme Court's holding in *Everette* applies to this case. Under that holding, the date on which the trial transcript was filed in appellant's direct appeal was July 10, 2017, the date on which the *written* transcript of the video deposition was filed. Appellant filed his postconviction petition on July 10, 2018, exactly 365 days after the date on which the trial transcript was filed. Therefore, appellant's petition was timely filed under R.C. 2953.21(A)(2).

{¶ 16} Notably, the state agrees that *Everette* controls here, and further concedes that "the trial court erred when it dismissed Rickard's petition as being untimely filed." Nevertheless, the state insists that we need not reverse the trial court's judgment because appellant's petition should fail on the merits. Importantly, the trial court did not examine

---

[1] R.C. 2953.21(A)(2) was amended by the General Assembly in 2015 to increase the 180-day time requirement to 365 days.

7.

the merits of appellant's postconviction petition, opting instead to dismiss the matter as untimely. "Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance." *Cohen v. Dulay*, 2017-Ohio-6973, 94 N.E.3d 1167, ¶ 21 (9th Dist.), citing *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12. Instead, we must remand this matter to the trial court for its consideration of the merits of appellant's postconviction petition.

{¶ 17} In sum, we find that the trial court abused its discretion when it dismissed appellant's postconviction petition as untimely filed under R.C. 2953.21(A)(2). Accordingly, appellant's first assignment of error is well-taken. Our determination that appellant's postconviction petition was timely filed renders appellant's second assignment of error moot, and we do not address it.

### IV. Conclusion

{¶ 18} In light of the foregoing, the judgment of the Wood County Court of Common Pleas is reversed, and this matter is remanded to the trial court for its consideration of the merits of appellant's postconviction petition. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.