[Cite as *State v. Harris*, 2024-Ohio-6105.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-78 |
| | | (C.P.C. No. 20CR-3034) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Terrence E. Harris, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 31, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson.* **Argued:** *Mark R. Wilson.*

**On brief:** *Carpenter Lipps LLP*, *Kort Gatterdam*, and *Michael Rogers*, for appellant. **Argued:** *Michael Rogers.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Terrence E. Harris, appeals a judgment of the Franklin County Court of Common Pleas that sentenced him to 9 to 13.5 years in prison for aggravated burglary. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 7, 2020, Harris was indicted on three counts: (1) aggravated burglary, a first-degree felony in violation of R.C. 2911.11; (2) felonious assault, a second-degree felony in violation of R.C. 2903.11; and (3) kidnapping, a first-degree felony in violation of R.C. 2905.01. Each count included a repeat violent offender specification pursuant to R.C. 2941.149(A). These offenses occurred when, during the early morning of June 24, 2020,

Harris allegedly kicked open the door of the apartment at which his on-again, off-again girlfriend was staying, assaulted his girlfriend, and forced her to leave with him.

{¶ 3} Prior to the start of trial, the plaintiff-appellee, State of Ohio, offered Harris a plea bargain. The prosecutor explained to the trial court that the proposed plea included "a joint recommendation from the parties that the defendant serve seven years * * * [for the second-degree felony] felonious assault [count] and [a second-degree felony count of] attempted kidnapping." (Nov. 2, 2021 Tr. Vol. II at 221.) Harris "would also have a duty to register as a violent offender for ten years." *Id*. At the time the prosecutor described the plea offer on the record, the offer remained open.

{¶ 4} Defense counsel responded to the plea offer by saying that he and Harris had "discussed it[,] including the possible maximums, the registration requirement, and the fact they have a joint recommendation for seven years with credit for the approximately 15 months he's done." *Id*. at 222. Defense counsel then stated that Harris was "not persuaded" by this discussion and "reject[ed] the offer." *Id*.

{¶ 5} Trial commenced immediately after Harris refused the plea bargain. On November 4, 2021, the jury returned a verdict finding Harris guilty of aggravated burglary, but not guilty of felonious assault and kidnapping. In a later, separate proceeding, the trial court found Harris was a repeat violent offender.

{¶ 6} The Reagan Tokes Law applied to Harris's conviction for aggravated burglary. *See* 2018 Am.Sub.S.B. No. 201, effective Mar. 22, 2019. Pursuant to the Reagan Tokes Law, a sentencing court must impose an indefinite sentence consisting of a minimum and a maximum prison term on offenders convicted of first- or second-degree felonies for which life imprisonment is not an available sentence. *State v. Hacker*, 173 Ohio St.3d 219, 2023-Ohio-2535, ¶ 7. However, at the sentencing hearing, the trial court declined to sentence Harris under the Reagan Tokes Law because the trial court found it unconstitutional. The trial court, therefore, sentenced Harris to a definite prison term of nine years for the offense of aggravated burglary. The state objected to the trial court's determination that the Reagan Tokes Law was unconstitutional and its imposition of a definite prison sentence.

{¶ 7} On January 3, 2022, the trial court issued a judgment convicting Harris of aggravated burglary and sentencing him to nine years in prison. Both Harris and the state

appealed the trial court's January 3, 2022 judgment.  *See State v. Harris*, 10th Dist. No. 21AP-678, 2023-Ohio-3994 ("*Harris I*").  While this court overruled each of Harris's four assignments of error, we sustained the state's sole assignment of error, which challenged the trial court's failure to sentence Harris pursuant to the Reagan Tokes Law.  During the pendency of the appeal, the Supreme Court of Ohio had issued a decision finding the Reagan Tokes Law was facially constitutional.  *Hacker* at ¶ 41.  We, consequently, determined that "the definite sentence imposed by the trial court for the aggravated burglary offense [was] contrary to law."  *Harris I* at ¶ 118.  We vacated Harris's nine-year prison sentence, and we remanded the case to the trial court "for resentencing consistent with the Reagan Tokes Law."  *Id*. at ¶ 4.

{¶ 8}   On remand, the trial court conducted a resentencing hearing.  During that hearing, Harris asked to address the court.  Harris told the trial court that before he "lost [at] trial," he "didn't understand the severity" of the possible sentence the trial court could impose on him.  (Jan. 3, 2024 Tr. at 4.)  He "thought it was just going to be a set term of the nine years.  [He] didn't realize it would be nine to such and such time."  *Id*.  Consequently, Harris asked that the trial court sentence him to six to nine years, if possible.

{¶ 9}   The trial court replied, "That's not how that would work, though, actually, sir[.]  [S]o we are here on a resentencing for the indefinite sentencing that would run from nine to thirteen and a half years just by operation of Ohio law.  That's where we are."  *Id*.

{¶ 10}  Harris then said he "would have just took the seven years as well if [he] had kn[o]w[n] that it wasn't just a flat time."  *Id*.  The trial court asked Harris to clarify what he meant.  At that point, defense counsel interceded and told the trial court that when he and his client were debating whether to accept the plea bargain, he told Harris "that this Court would likely give a flat time sentence and that [Harris] would be sentenced to an unknown amount of flat time, depending on how the trial worked out."  *Id*. at 5.  Defense counsel then stated, "Mr. Harris is now saying that had he known that this could be a possible indefinite sentence[,] he would have accepted the seven-year sentence that was offered as part of the plea bargain."  *Id*.

{¶ 11} The trial court responded, "So * * * Mr. Harris's position today is that he would have accepted the plea bargain back then if he had known that there was some possibility that the maximum that he was facing as a result of the conviction of this count

was nine to thirteen and a half years rather than some other number. Is that right?" *Id*. at 5-6. Harris answered, "Yes, sir." *Id*. The trial court stated, "Well, that's not an issue that's before me," and then imposed a 9- to 13.5-year prison sentence on Harris. *Id*. The trial court memorialized Harris's sentence in a judgment entered January 5, 2024.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Harris now appeals the January 5, 2024 judgment, and he assigns the following errors:

> [1.] APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PROPERLY ADVISE HARRIS OF THE CONSEQUENCES OF REJECTING THE PLEA OFFER FOR A FLAT TIME SENTENCE. SAID ERROR DEPRIVED APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND TO A FAIR TRIAL.
>
> [2.] THE TRIAL COURT'S FAILURE TO HOLD AN EVIDENTIARY HEARING ON REMAND AS TO WHETHER HARRIS UNDERSTOOD THE NATURE AND CONSEQUENCES OF ACCEPTING A PLEA DEAL VERSUS GOING TO TRIAL VIOLATED HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL.

(Emphasis sic.)

## III. LEGAL ANALYSIS

{¶ 13} By his first assignment of error, Harris contends that he was deprived of effective assistance of counsel when, during plea negotiations, his attorney failed to advise him that the trial court could impose an indefinite sentence on him if he was convicted. By his second assignment of error, Harris asserts that the trial court erred in not holding a hearing to investigate whether there is evidence to support his claim for ineffective assistance of counsel. We will address both of these assignments of error together because they fail for the same reason: the trial court's jurisdiction on remand was limited to resentencing Harris pursuant to the Reagan Tokes Law.

{¶ 14} In a criminal case, once a final judgment is issued pursuant to Crim.R. 32, the trial court's jurisdiction ends. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 9. However, when a trial court's judgment is reversed or affirmed on appeal, the appellate

court will issue a special mandate to the trial court for execution or further proceedings. R.C. 2505.39. At that point, the trial court regains jurisdiction to carry out the mandate of the appellate court. *State ex rel. Mather v. Oda*, 174 Ohio St.3d 526, 2023-Ohio-3907, ¶ 19. The trial court "is bound by that appellate court's mandate" and lacks the "authority to extend or vary the mandate given." *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, ___ Ohio St.3d ___, 2024-Ohio-5729, ¶ 20; *accord State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, 174 Ohio St.3d 401, 2024-Ohio-200, ¶ 19 ("It is axiomatic that an inferior court lacks jurisdiction to depart from a superior court's mandate."). The trial court " 'may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded.' " *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 13, quoting *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 10th Dist. No. 97APD07-895, 1999 Ohio App. LEXIS 4231 (Sept. 16, 1999), *aff'd*, 88 Ohio St.3d 577 (2000).

{¶ 15} In this case, Harris wanted the trial court to exceed the boundaries of this court's mandate to it. Although Harris never explicitly asserted to the trial court that his trial counsel was deficient, he raised the specter of ineffective assistance of counsel with his allegations. During the resentencing hearing, Harris complained to the trial court that prior to his conviction, he did not "understand the severity" of the possible sentence he could face, and he stated that he "would have just took the seven[-]year" plea deal had he known about the possibility of indefinite sentencing. (Jan. 3, 2024 Tr. at 4.) These allegations suggest that Harris's trial counsel may have provided Harris inadequate information about sentencing during plea negotiations and that counsel's deficient performance may have prejudiced Harris.

{¶ 16} However, as the trial court correctly determined, ineffective assistance of counsel was "not an issue [] before" the court. *Id.* at 6. Given the parameters of this court's mandate in *Harris I*, the trial court only had the authority on remand to resentence Harris consistent with the Reagan Tokes Law. The trial court, therefore, did not err in refusing to consider or hold an evidentiary hearing on alleged ineffective assistance of counsel.

{¶ 17} Harris, however, argues that the Supreme Court of Ohio's decision in *Hacker* constituted an extraordinary circumstance that justified the trial court's deviation from this

court's mandate in *Harris I*.  In so arguing, Harris relies on *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus, which held, "[a]*bsent extraordinary circumstances, such as an intervening decision by the Supreme Court*, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." (Emphasis added.) This precedent creates an exception to the general rule.  In accordance with *Nolan*, a trial court may depart from an appellate court's mandate if an intervening Supreme Court decision " 'states a rule of law in conflict with the earlier mandate.' "  *Rummelhoff v. Rummelhoff*, 1st Dist. No. C-210112, 2022-Ohio-1224, ¶ 10, quoting *Clements v. Ohio Hosp. Ins. Co.*, 5th Dist. No. 2004 CA00265, 2005-Ohio-1956, ¶ 32; *accord State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 183 (1995) ("[A]n example of an extraordinary circumstance * * * is an intervening Supreme Court case that states a rule of law in conflict with the mandate.").

{¶ 18}  Here, the *Hacker* decision does not qualify as an intervening decision of the Supreme Court.  First, the Supreme Court decided *Hacker* before we decided *Harris I*, so *Hacker* did not intervene between the time we issued the mandate of *Harris I* and the trial court resentenced Harris.  Second, the *Hacker* decision is consistent with our mandate in *Harris I*.  Indeed, we followed and applied *Hacker* when vacating the definite sentence the trial court first imposed on Harris and remanding the case for a resentencing under the Reagan Tokes Law.  *See Harris I*, 2023-Ohio-3994, at ¶ 118.  The advent of the *Hacker* decision, therefore, does not constitute an extraordinary circumstance that warrants a divergence from the mandate in *Harris I*.

{¶ 19}  Appellate courts, as courts of review, generally do not rule on arguments not decided in the first instance by the trial court.  *State v. R.L.W.*, 10th Dist. No. 23AP-209, 2024-Ohio-1249, ¶ 15; *State v. Rickard*, 6th Dist. No. WD-19-030, 2020-Ohio-294, ¶ 16; *State v. Aguilar*, 9th Dist. No. 14AP0012, 2014-Ohio-5777, ¶ 7.  In this appeal, we can only review whether the trial court erred in the sole matter it had the authority to decide: resentencing Harris pursuant to the Reagan Tokes Law.  As a court of appeals, we cannot review Harris's ineffective assistance of counsel argument because the trial court could not consider or rule upon it.  Accordingly, we dismiss Harris's first assignment of error.

{¶ 20}  By his second assignment of error, Harris argues that the trial court erred in not holding an evidentiary hearing on his claim for ineffective assistance of counsel.  As we

stated above, the trial court did not err in failing to hold such a hearing.  Based upon the mandate of *Harris I*, a hearing regarding ineffective assistance of counsel was outside of the scope of the remand.  Accordingly, we overrule Harris's second assignment of error.

## V.  CONCLUSION

{¶ 21} For the foregoing reasons, we dismiss the first assignment of error, and we overrule the second assignment of error.  We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

————————————